GEORGE M. STANWOOD *vs.* MARY CLANCEY et als.

Cumberland.    Opinion October 1, 1909.

*Negligence. Licensee. Duty Owed to Licensee. Assumption of Risk.*

The defendants were the owners of an office building in Portland, and were operating a passenger elevator therein. The face of the elevator cage formed a part of the side of the hallway of the street entrance to the building. At the time the injuries complained of were received, the elevator had been raised, and the door in the elevator frame left open. The plaintiff, to accommodate a friend, was in search of a man named Hanscomb. He did not know where Hanscomb's office was. He stepped into the hallway through the main entrance of the defendant's building, for the purpose of making inquiries in the building, as to where it was. Hanscomb had no office in the building. After entering the hallway, the plaintiff, thinking, as he says, that the open space in the elevator frame was the entrance to an office, stepped into it, and fell to the bottom of the well and was injured. The day was bright and sunshiny, and the door from the street was wide open, and was only five feet from the elevator.

*Held:* 1.  The plaintiff must be held to have been guilty of contributory negligence.

2.  When the owner of a building fits it up for business uses, he impliedly invites all persons to come there whose coming is naturally incident to the business carried on there by himself or by his tenants. If the building is open, and there is nothing to indicate that strangers are not wanted, he impliedly permits and licenses persons to come there for their own convenience, or to gratify their curiosity. To those invited, he owes the duty of exercising care in the management of the premises, so that they may not be injured ; but to those merely licensed, he owes no such duty. To a mere licensee, he owes no duty, except that he will not wantonly injure him.

3.  When a licensee goes into a building, he enters at his own risk, and must take the building as he finds it.

4.  The plaintiff in the case at bar was a mere licensee in the defendants' building.

On exceptions by plaintiff.    Overruled.

Action on the case to recover damages for personal injuries sustained by the plaintiff caused by the alleged negligence of the defendants in leaving open or unguarded the door to an elevator in the defendants' building in Portland, and into which the plaintiff

stepped and fell.  Plea, the general issue.  At the conclusion of the evidence for the plaintiff, the presiding Justice ordered a nonsuit and the plaintiff excepted.

The case is stated in the opinion.

*Dennis A. Meaher, and Charles P. Mattocks,* for plaintiff.

*Libby, Robinson & Ives,* for defendants.

SITTING:  WHITEHOUSE, SAVAGE, CORNISH, KING, BIRD, JJ.

SAVAGE, J.   Case to recover for personal injuries caused by the defendants' alleged negligence in leaving open or unguarded the door to an elevator into which the plaintiff stepped and fell.  At the conclusion of the evidence for the plaintiff, a nonsuit was directed, and the plaintiff excepted.

The facts shown, taken most favorably for the plaintiff, are these.  The defendants were the owners of an office building on Exchange Street in Portland, which was occupied by their tenants.  On the ground floor were two insurance offices, and the second and third floor rooms were mostly lawyers' offices.   Between the two insurance offices was the main entrance to the building, leading into a hallway.   At the further end of the hallway were the stairs leading to the second and third floors.   At the right of the door as one entered, and about five feet distant therefrom, the defendants had placed, and were operating, a passenger elevator.   The face of the elevator cage formed a part of the side of the hallway.   In the elevator well, below the level of the first floor of the building, was an electric light meter.   On the day in question, a servant of the electric light company went to the building for the purpose of reading the meter.   To enable him to get into the well where the meter was, the boy in charge of the elevator, who was the servant of the defendants, in operating it, run it up until the floor of the elevator was only a little lower than the top of the doorway in the elevator frame.   The electric light man descended into the well, leaving open the door in the elevator frame.   While things were in this situation, the plaintiff entered the hallway from the street, and thinking, as he says, that the open space in the elevator frame was

the entrance to an office, stepped into it and fell to the bottom of the well, and received serious injuries.

The plaintiff, that morning, according to his own version, had learned that a Mr. York wished to see him, and he went to the latter's office. He learned there that York wished to obtain some gravel from a pit owned by the city of South Portland, of which city the plaintiff was an alderman. The plaintiff refused York's request, but said that he knew a lawyer, whose name he thought was Hanscomb, who had a gravel pit, and he told York that he thought Hanscomb would be the man to see. Thereupon York said "Let's see him." The plaintiff and York then started to ascertain where Hanscomb's office was. The plaintiff had sometime been told that Hanscomb had an office on Exchange Street, but neither he nor York knew where it was. When they reached the entrance of the defendants' building, York said "Let's go in here. Any of these lawyers will tell us where he is." They went in, and the plaintiff stepped into the elevator well, as has been described. It is admitted that Hanscomb did not then have, and never had had, an office in the defendants' building.

Upon these facts it is contended in support of the order of nonsuit, that the plaintiff was a mere licensee upon the defendants' premises, and that they did not owe to him the duty of using care to prevent his stepping into the open elevator well, and hence that, as to him, at least, they were not negligent. It is also contended that the plaintiff himself was guilty of contributory negligence.

We think the nonsuit was properly ordered. Upon the evidence the jury would not have been warranted in finding for the plaintiff. In such case it is the duty of the court to order a nonsuit, or direct a verdict for the defendant.

In the first place, if the plaintiff was paying the slightest attention to the situation, it is difficult to see how he could have mistaken the opening into the darkness of an elevator well for the entrance to an office, as he testified that he supposed it was. It was a sunshiny day, and the door from the street was wide open, and was only five feet from the elevator. The merest attentive glance would have disclosed that the opening was not the open door of an office, and

should have halted the plaintiff.    It is impossible to resist the con-
clusion that the plaintiff was guilty of that thoughtless inattention
which has been said to be the very essence of negligence.    See
*Mc Carvell* v. *Sawyer*, 173 Mass. 540 ; *Humphreys* v. *Portsmouth
Co.*, 184 Mass. 422.

But we go further.    While it is the duty of the owner of a build-
ing, having it in charge, to be careful in keeping it safe for all
those who come there by his invitation, express or implied, he owes
no such duty to those who come there for their own convenience,
or as mere licensees.    Toward a licensee, the owner owes no duty,
except that he shall not wantonly injure him.    *Dixon* v. *Swift*, 98
Maine, 207 ; *Russell* v. *M. C. R. R. Co.*, 100 Maine, 408 ;
*Parker* v. *Portland Publishing Co.*, 69 Maine, 173.    It is well
settled that when the owner of a building fits it up for business uses,
he impliedly invites all persons to come there whose coming is
naturally incident to the business carried on there.    And if he leases
the building, or parts of it, to tenants, he impliedly invites all per-
sons to come there in connection with the business carried on by the
tenants.    At the same time, if the building is open, and there is
nothing to indicate that strangers are not wanted, he impliedly
permits and licenses persons to come there for their own convenience,
or to gratify their curiosity.    To those invited, he owes the duty
of exercising care with reference to the management of an elevator
operated by him, but to those merely licensed he owes no such duty.
*Plummer* v. *Dill*, 156 Mass. 426.

"To come under an implied invitation as distinguished from mere
license, the visitor must come for a purpose connected with the busi-
ness in which the occupant is engaged, or which he permits to be
carried on there.    There must at least be some mutuality of interest
in the subject to which the visitor's business relates, although the
particular thing which is the object of the visit may not be for the
benefit of the occupant." Pollock on Torts, 417 ; *Plummer* v.
*Dill*, supra.    When the owner lets rooms to tenants for business
purposes he has an interest in their being used for such purposes ;
and a mutuality of interest exists when a visitor goes to the rooms
for the purpose of transacting the kinds of business for which the

owner let them. The tenants, doubtless, may transact any kind of lawful business therein that they choose, unless limited by the terms of the tenancy. It is so contemplated by the owner when he lets the rooms, and he thereby impliedly invites all persons who have business to transact with the tenants to go to their rooms for that purpose. But he does not invite persons to go there merely for their own convenience or curiosity.

Now applying these rules to the case at bar, it will readily be seen that the plaintiff was not invited by the defendants to visit their building, but that he was a mere licensee. He went to the building to make an inquiry about a matter which concerned himself, or his friend York, alone. It had nothing to do with any kind of business in which any of the tenants or occupants were engaged, or for which the building was used, or designed to be used. It was not used and it was not held out by the owners as being used, as an information bureau. See the precisely parallel case of *Plummer* v. *Dill*, supra.

It may well be that the plaintiff was not unlawfully upon the premises. Under the circumstances, it may be conceded that he was impliedly permitted to go to this building in pursuit of the information he desired ; but he was not invited. That is the distinction. As a mere licensee, he went into the building at his own risk, and was bound to take the premises as he found them. *Reardon* v. *Thompson*, 149 Mass. 267 ; *Moffatt* v. *Kenny*, 174 Mass. 315 ; *Beekler* v. *Daniels*, 18 R. I. 563; *Dixon* v. *Swift*, supra.

In argument, the plaintiff's counsel cites and relies upon *Stratton* v. *Staples*, 59 Maine, 94, and *Foren* v. *Rodick*, 90 Maine, 276. But neither of these cases affords him any aid. They are both cases of implied invitation. In the former, the plaintiff, in the evening, went to the defendant's building, in which were four stores, seeking a business interview with him. The defendant's counting room was in one of the stores, but the plaintiff did not know which one it was. In endeavoring to ascertain in which store the counting room was, the plaintiff walked along the platform in front of the stores, and fell into an insufficiently guarded roll-way, and was

injured. The presiding Justice, in his charge, said "But for all persons who had occasion to go upon the platform in order to enter either of the stores of the defendant on legitimate business, he would be liable for all damages occasioned by these erections, provided they were unsafe or dangerous. . . The next question is, was the plaintiff legitimately upon the sidewalk or platform? You have heard her statement as to her business with the defendant. It is unnecessary for me to allude to the testimony. It is all with you." After a verdict for the plaintiff, this court overruled the defendants' exceptions without discussion of the principles involved, only saying that if the charge was not as full as it ought to have been, the objection was waived, because counsel did not ask for other and more appropriate instructions. In *Foren* v. *Rodick,* the plaintiff went to the defendants' building to consult professionally a physician who was a tenant therein, and while seeking an entrance, was injured by reason of certain defects in the construction or maintenance of the building. The court said: "All persons having occasion to visit any of the offices on the second floor on legitimate business with any of the defendants' tenants had an implied invitation from the defendants to use the common entrance and passageway for that purpose."

Upon the whole case, therefore, it is clear that the plaintiff has no cause of action against the defendants. The exceptions to the order of a nonsuit must be overruled.

*Exceptions overruled.*