BENJAMIN H. BENTON *vs.* PAUL B. WATSON, trustee.

Suffolk.    November 22, 1918. — January 3, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Negligence,* Contributory negligence, Invited person. *Evidence,* Presumptions and burden of proof.

Where, at the trial of an action for personal injuries suffered by the plaintiff after the enactment of St. 1914, c. 553, due to a fall in a building under the defendant's control in which the plaintiff was at the defendant's invitation, the only evidence shows that the premises were strange to the plaintiff and were very dark, that he knew and appreciated the degree of darkness, was in no way misled by any act or omission of the defendant and had no false sense of safety, but went ahead nevertheless and fell down steps which he did not see, a verdict must be ordered for the defendant, because the only reasonable inference to be drawn from the evidence is that negligence of the plaintiff contributed to his injury.

TORT for personal injuries suffered by the plaintiff on February 2, 1917, by reason of a fall down unlighted steps inside the Boston Opera House, which at that time was under the legal control of the defendant.    Writ dated April 10, 1917.

In the Superior Court the case was tried before *White,* J.    At the close of the plaintiff's evidence, the defendant moved that a verdict be ordered for him.    The judge granted the motion and reported the case for determination by this court, with the stipulation that, if the ruling was right, final judgment was to be entered for the defendant on the verdict, but, if the action should have been submitted to the jury, then a verdict was to be entered for the plaintiff in the sum of $1,250.

The case was submitted on briefs.

*R. J. Crowley, J. H. Vahey & S. K. Casson,* for the plaintiff.

· *E. C. Stone,* for the defendant.

PIERCE, J.    The duly authorized agent of the defendant invited the plaintiff to call on him on business, at the Boston Opera House,

the place of business of the defendant. He said he "was there all the time;" there was no "show on," and directed the plaintiff to "Come up, if the front door ain't open, come round the back and come up;" "if you can't get in the front door, come around the back and come upstairs." The plaintiff had never seen the opera house. He went up and tried the doors and saw, no light, tried around the corner. He stepped back from the building to see if he could see any light, saw a young man at the window and told him he wanted to get in. The young man said "Come round the back;" and he went back. The plaintiff testified: "I went way to the rear, through a door, I never had been there, said stage door. I went through a sort of shed first, I don't know whether it had been built there, — for what purpose; but I reached the rear, what is called the private entrance, stage door. . . . I went in. . . . I stepped in the stage door, walked in there, — so of course I thought somebody would be there, I saw nobody, I looked around, — very dark, and to the right of me looked like a little office and I stepped over. I says, 'Anybody here?' Nobody answered; I looked round. I kept hollering, 'Is anybody here?' Then I stepped to go to the front, went to go upstairs, I supposed to the front of the house and kept hollering, 'Is anybody here? Is anybody here?' I kept going forward all the time; nobody answered me . . . until finally [I] . . . stepped off into space and fell," where some steps went down. He further testified that "after he passed the stage door he turned to the left to go to the front; that there was not a bit of any light there in the hall, no artificial or natural light or anything, and when asked how far distant from him he could see, he said he could see just a little glimmer, and that he had to keep feeling his way, thinking perhaps after he got a little further there might be some light."

At the close of the evidence the presiding judge on motion of the defendant directed a verdict for the defendant, and reported the case for the determination of the full court, with the stipulation that "if my ruling and direction was right, then final judgment is to be entered for the defendant on the verdict, but if the case should have been submitted to the jury, that a verdict is to be entered for the plaintiff in the sum of $1,250."

We think the verdict was directed rightly because, as a matter of law, the plaintiff was not in the exercise of due care. *Duggan* v.

*Bay State Street Railway,* 230 Mass. 370, 379. After entrance at the stage door, the plaintiff was in a strange building, in a hall that he had not before seen, which was "very dark," had "not a bit" of light, "no artificial or natural light or anything." The plaintiff knew and appreciated the measure and degree of darkness, he was not misled by any act or omission of the defendant, and he knew as all men of ordinary experience must know that one who walks in the total darkness of a strange hall is likely to encounter obstructions to his passage and pitfalls to his feet. The case at bar is like *Campbell* v. *Abbott,* 176 Mass. 246; and is distinguished from *Humphreys* v. *Portsmouth Trust & Guarantee Co.* 184 Mass. 422, and *Marston* v. *Reynolds,* 211 Mass. 590, and other similar cases, by the absence of any fact which misled the plaintiff to a false sense of safety.

In accordance with the terms of the report, final judgment should now be entered for the defendant.

*So ordered.*