*Southern District*

## ERNEST HOWELL

### v.

## GODFREY ROBINSON

*Sgarzi, J.* The plaintiff brought this action of Tort to recover for personal injuries sustained by him while in the service of the defendant. The defendant answered by a general denial and allegation of contributory negligence.

There was evidence that the plaintiff went to work for the defendant as a general carpenter and painter in March 1948 at which time the defendant was engaged in building houses in Hingham. At some time the defendant terminated his activities as a builder but retained the services of the plaintiff upon his own premises as a general handyman, mowing the lawn, gardening and doing other work of a similar nature. On the morning of July 9, 1951 the plaintiff accompanied the defendant to Franklin where a bag of fertilizer weighing one hundred pounds was obtained. The bag was placed in the luggage compartment of the defendant's car by the plaintiff and a clerk from the store where it was purchased.

Upon returning to the defendant's premises the car was driven into the driveway and stopped about

12 or 15 feet from the garage. The driveway had a gravel base and was covered with broken stone, which the plaintiff had spread under the direction of the defendant the previous spring. The plaintiff testified that at the time of the trial on November 12, 1952, the driveway was in substantially the same condition as it was in July 1951 only a little more packed down.

The defendant directed the plaintiff to carry the bag of fertilizer into the garage, but offered no assistance in doing so. The plaintiff opened the luggage compartment, lifted out the bag and while carrying it toward the garage slipped and fell, sustaining an injury.

The defendant offered no testimony and made the following requests for rulings, the first and third of which were denied.

1.  The evidence is insufficient to warrant the Court in finding that the plaintiff is entitled to recover.
2.  The evidence is insufficient to warrant the Court in finding that the plaintiff was by law required to be a subscriber under the Workmen's Compensation Law as provided by Chapter 152 of the General Laws.
3.  The evidence is insufficient to warrant the Court in finding that the defendant was negligent.

At the conclusion of the trial, the Court with the consent of counsel took a view of the premises. The plaintiff and his counsel attended the view but counsel for defendant elected not to be present.

The judge found for the plaintiff in the sum of $4,000.00 and made a Memorandum of Findings which included the following statement "When the view was taken, if an ordinary person stepped with his full weight on his heel, his heel would perceptibly sink into the broken stones, some of which would slide out to one side or the other from the pressure of his weight."

The Memorandum then stated the conclusion of the judge as follows, "I find the surface of the driveway would have been reasonably safe for the plaintiff's unencumbered passage but when he was burdened with the hundred pound, unwieldy bag of fertilizer unusually secure footing was required for him to proceed with reasonable safety, and this driveway did not provide it. I find his fall was caused by one of his feet slipping due to a condition of the premises known to the defendant and not reasonably safe for the use the defendant required the plaintiff to make of it."

"I find the defendant liable both on the ground of negligently failing to provide reasonably safe working conditions for the plaintiff for the task required of him, and negligently directing the plaintiff to perform a task under conditions known to the defendant to be not reasonably suitable and safe for its performance."

The defendant seasonably filed a motion for new trial alleging that the evidence obtained by the judge at the view was improperly included in his findings of fact and denied to the defendant the right to introduce evidence to rebut it.

At the hearing on the motion for new trial the defendant filed the following Requests for Rulings, all of which were denied.

1. The recitation by the trial judge in his findings of facts concerning factual evidence introduced at the trial of the case was improper and illegal as a matter of law and vitiates his decision.

2. The recitation by the trial judge in his findings of fact of certain experiments conducted by him in a recital of results of certain experiments was improper and illegal as a matter of law and vitiates his decision.

3. The recitation by the trial judge of certain evidenciary facts observed by him at a view of the premises fourteen months after the

trial, not introduced at the trial of the case, was improper and illegal as a matter of law and vitiates his decision.

4. The defendant is entitled to a new trial as a matter of law because of prejudicial error on the part of the trial judge in including in his findings of fact, facts and evidence not otherwise testified to at the trial of the case.

The defendant claims to be aggrieved by the denial of his Request for Rulings 1 and 3 at the trial and the denial of his four requests for rulings at the hearing on the motion for new trial.

Requests #1 and #3 made by the defendant at the trial could only have been granted if the evidence required a finding for the defendant as a matter of law.

In support of this contention the defendant argues that such a finding was required because the plaintiff assumed the obvious risks incidental to his employment and because the defendant was not negligent.

It is well settled that no recovery can be had for an injury which occurs as a result of an obvious risk of employment. *Burke v. Crimmins,* 256 Mass. 14; *Benton v. Watson,* 231 Mass. 582; *Cuozzo v. Clyde Steamship Co.* 223 Mass. 521; *Doherty v. Paul's for Tires, Inc.* 314 Mass. 83.

There is no duty on the part of an employer to warn an employee of a condition or danger which is open or obvious. *Reidy v. Crompton & Knowles Loom Works,* 318 Mass. 135; *Rooney v. Sewall & Day Cordage Co.,* 161 Mass. 153; *McCafferty v. Lewando French Dyeing & Cleansing Co.,* 194 Mass. 412.

The evidence in this case compels and requires the conclusion that there were no risks or dangers in the conditions of employment which were not obvious and completely known to the plaintiff.

He had participated in the building and construction of the driveway a few months before and

his work as general handyman about the premises made him entirely familiar with its conditios.

There is nothing in the evidence upon which a finding of negligence on the part of the defendant could be based.

There was error in the denial of the defendant's 1st and 3rd Requests for Rulings made at the trial, both of which should have been granted, and a finding made for the defendant.

In view of this fact it becomes unnecessary to consider the denial of the defendant's requests made at the hearing on the Motion for New Trial.

The finding for the plaintiff should be vacated and judgment entered for the defendant.