Arthur P. SPIELMAN, Plaintiff,

v.

The NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Defendant and Third-Party Plaintiff

(The New Haven Trap Rock Company, Third-Party Defendant).

Civ. No. 12970.

United States District Court
E. D. New York.

March 7, 1956.

452

William Paul Allen, New York City, for plaintiff.

Edmund J. Moore, New York City, for defendant and third-party plaintiff, Robert M. Peet, New York City, of counsel.

Wiggin & Dana, New Haven, Conn., for New Haven Trap Rock Co., third-party defendant, Thew Wright, Jr., New Haven, Conn., of counsel.

### BRUCHHAUSEN, District Judge.

The defendant, Railroad Company, by this motion seeks to set aside its judgment against the third-party defendant, Trap Rock Company, and for judgment in favor of the defendant, Railroad Company, for the full amount of the verdict, i. e., $15,000, recovered by the plaintiff.

The plaintiff brought this action against the Railroad Company, under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to recover damages for personal injuries, sustained in an accident on a spur track, maintained for the use of and in the business of the New Haven Trap Rock Company. The Railroad Company served a third-party complaint upon the Trap Rock Company, alleging that by the provisions of a side-track agreement between those two companies, the Railroad Company was entitled to indemnity or contribution from the Trap Rock Company, depending upon the circumstances.

The action was tried before the Court and a jury. Pursuant to Rule 49(a) Fed.Rules Civ.Proc., 28 U.S.C.A., and by consent of the parties, the jury was instructed to return a special verdict in the form of written findings on the issues submitted to it. The jury returned a verdict in favor of the plaintiff against the Railroad Company for the sum of $15,000 together with its answers to the questions referred to it. Upon those findings, the Court directed a judgment in favor of the Railroad Company against the Trap Rock Company for contribution of one-half of the damages.

The defendant Railroad Company contends upon the jury's findings that it is entitled to a judgment against the Trap Rock Company for full indemnity, i. e., $15,000, rather than for one-half of the damages, as now is the case.

After first finding that the negligence of the Railroad Company was the proximate cause of the plaintiff's injuries, the jury made a further finding that the injuries also resulted from negligence of the Trap Rock Company. The next question to the jury, in substance, was whether the Railroad Company and the Trap Rock Company were equally negligent or whether the negligence of the Trap Rock Company was the primary cause of the plaintiff's injuries. The jury's answer thereto, after it struck out the provision pertaining to primary cause, was that both companies were equally negligent.

The jury further found that the Railroad Company was negligent in failing to warn the plaintiff of the dangerous condition and that the Trap Rock Company was negligent in creating a dangerous condition.

The evidence disclosed that a post was erected too close to the side of the railroad track on Trap Rock's premises, so that plaintiff, whose customary duties called for him to ride on the side of a freight car was knocked off and injured because of the lack of clearance between the track and the post.

 Negligence is both positive and negative in character, and may consist of acts of commission or omission or both. However, acts of commission or omission are not divided, respectively, into the categories of active and passive negligence, inasmuch as both types of fault may constitute active negligence. McFall v. Compagnie Maritime Belge, 304 N.Y. 314, 107 N.E.2d 463; General Accident, etc., v. Goodyear Tire & Rubber Co., 2 Cir., 132 F.2d 122; American Mutual Liability Company v. Jarvis, D.C. Conn., 112 F.Supp. 276, the latter interpreting Connecticut law.

 The relationship is more one of original blame or guilt as distinguished from derivative blame, which, generally speaking, is a matter for determination by the trier of the facts. McFall v. Compagnie Maritime Belge, supra, 107 N.E.2d at page 471; Meltzer v. Temple Estates, 203 Misc. 602, 116 N.Y.S.2d 546.

As previously mentioned, the jury found both parties equally negligent, and emphasized the point by deleting an alternative that the Trap Rock Company was the primary cause of the accident.

While the questions might have been more appropriately phrased, it is apparent that the jury was informed of what was intended, evidenced by its specific findings of the nature of the negligence of each party. If those findings of negligence are consistent with the jury's findings of equal negligence, then contribution, provided for in the contract, should stand.

The Railroad Company urges that there was no basis for the finding that it was negligent in failing to warn the plaintiff of the dangerous condition, yet it relies upon that finding as a basis for this motion to amend the judgment, so as to provide for indemnity rather than contribution.

 The former contention is not before the Court, for no motion is made by the Railroad Company to set aside the plaintiff's judgment against it. In connection with the latter contention of the Railroad Company, its argument that the failure to warn plaintiff of a dangerous condition was only passive negligence, lacks merit. If the Railroad Company failed to warn plaintiff of such a condition on its own premises, it would be actively negligent, owing to the fact that it was operating the train at the time. Surely the Railroad's entrance upon Trap Rock's premises, over which it had a right of way, did not transform its actions into passive negligence.

In the cases cited in the action of Booth-Kelly Lumber Co. v. Southern Pacific Co., 9 Cir., 183 F.2d 902, 20 A.L.R. 2d 695, in support of the Court's determination therein it appears that the owner of the realty, upon whose premises the condition was created, claimed indemnity, whereas in that case, as in the case at bar, the licensee claimed over against the owner of the realty, the creator of the condition. In the absence of the contract between the Railroad Company and the Trap Rock Company, the latter may not have been liable at all.

The Railroad Company was either actively negligent, or without fault.

 The plaintiff claims that the judgment against the Railroad Company should be for the full amount of the jury's verdict, undiminished by the sums expended by it for medical services to the plaintiff.

The Court adheres to its interpretation of the pretrial order to the effect that the deduction of the $675 item might be made at the time of entry of judgment, rather than when payment thereof is made to the plaintiff.

 Inadvertently, the Court directed judgment in favor of the Railroad Company against the Trap Rock Company for the sum of $7,162.50, rather than

for the correct amount, i. e., $7,500, with interest and costs. The Railroad Company is entitled to a one-half contribution of the jury's verdict, in accordance with the findings and the provisions of the contract. The Trap Rock Company is not entitled to a credit of any portion of the plaintiff's medical expenses, paid by the Railroad Company.

The motions are denied excepting to the extent of amending the judgment, in favor of the Railroad Company against the Trap Rock Company so as to provide that the amount thereof shall be the sum of $7,500, together with interest and costs.