EUGENE F. MESERVE

*vs.*

ALLEN STORAGE WAREHOUSE CO., INC., ET AL.

Cumberland.   Opinion, March 25, 1963.

*Julian C. Hubbard,* for Plaintiff.

*James R. Desmond,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, MARDEN, JJ.

WILLIAMSON, C. J.   This negligence case is before us on appeal from the direction of verdicts for the defendants at the close of the plaintiff's case.   Under the familiar rule we take the evidence with the reasonable inferences in the light most favorable to the plaintiff. *Ward* v. *Merrill,* 154 Me. 45, 141 A. (2nd) 438; *Sweet* v. *Austin,* 158 Me. 90, 179 A. (2nd) 302; Maine Rules Civil Procedure, Rule 50; Field & McKusick, Maine Civil Practice, § 50.1 *et seq.*

The plaintiff fell through an unguarded elevator shaft on premises in Portland owned by defendant Allen Storage Warehouse Co., Inc. (hereinafter called Allen) and used for purposes of a storage warehouse.   The action is against Allen and Mr. Harold A. Putnam, a warehouseman employed by Allen.

The plaintiff was a dishwasher in a restaurant across the street from the warehouse. Putnam spoke to the plaintiff at the restaurant, suggested that he had some work for him at the warehouse and requested him to come there after he was through work. At about 2:45 o'clock in the afternoon the plaintiff crossed the street to the warehouse and entered through an open door which, as he said, was a "large door where the truck was backed in." He then proceeded in a narrow space between the wall and the right side of the truck until he fell into the elevator shaft. In his words,

"Q  Could you see where you were going, or couldn't you, ahead of you?

"A  No.

"Q  You couldn't?

"A  No. It was all dark.

"Q  And you walked along until you fell into the shaft; right?

"A  Right."

To the left of the large open door was a door marked "office" which the plaintiff observed as he entered the building. The plaintiff did not know Putnam's position with Allen and he had never before been in the warehouse.

Putnam and Mr. MacKenzie, manager of Allen, were called to the stand by the plaintiff. The evidence was clear and unequivocal that Putnam had no authority to hire employees for Allen.

The verdicts were properly directed.

First: The plaintiff failed to establish that he was an invitee of Allen at the warehouse. At best, with respect to Allen, he was a licensee who came to the warehouse to see Putnam. Allen owed to the plaintiff the duty to refrain from wanton, wilful or reckless acts of negligence, and no

more. "As a mere licensee, he went in to the building at his own risk, and was bound to take the premises as he found them." *Stanwood* v. *Clancey,* 106 Me. 72, 75 A. 293; *Robitaille* v. *Maine Central Railroad Co.,* 147 Me. 269, 86 A. (2nd) 386; *Lewis* v. *Mains,* 150 Me. 75, 104 A. (2nd) 432; *Robinson* v. *Leighton,* 122 Me. 309, 119 A. 809; *Parker* v. *Portland Publishing Co.,* 69 Me. 173; *Dixon* v. *Swift,* 98 Me. 207, 56 A. 761; Annot. 89 A. L. R. 757. On this ground alone the verdict was properly directed in favor of Allen.

Second: Putnam may be said to have invited the plaintiff to see him at the warehouse. From the record, there appears no reason whatsoever on the part of Putnam to have anticipated that the plaintiff would do more than enter the office and inquire for him. There was no invitation to the plaintiff to enter through the truck entrance or to be in that part of the warehouse where the business was actively conducted. Evidence of negligence on the part of Putnam with reference to the plaintiff is totally lacking. For this reason alone the verdict for Putnam was properly directed.

Third: A second compelling ground for direction of each verdict was that the plaintiff as a matter of law was guilty of contributory negligence. Without reviewing again the facts, it appears that the plaintiff, who had never been in the warehouse, undertook to walk between a wall and a truck in darkness and without seeing where he was going fell into an unguarded elevator shaft. He was "a stranger wandering ignorantly in the dark," to use the expressive words of Justice Cornish in *Cook* v. *McGillicuddy,* 106 Me. 119, 122, 75 A. 378.

> "It is impossible to resist the conclusion that the plaintiff was guilty of that thoughtless inattention which has been said to be the very essence of negligence." *Stanwood* v. *Clancey, supra.*

See also *Olsen* v. *Portland Water District,* 150 Me. 139, 107 A. (2nd) 480; *Daniel* v. *Morency,* 156 Me. 355, 165 A. (2nd) 64; *Parker* v. *Portland Publishing Co., supra;* Annot.

34 A. L. R. (2nd) 1366, 1406, 1441; Annot. 163 A. L. R. 587.

Illustrative cases on contributory negligence in analogous situations are: *Curet* v. *Hiern*, 95 So. (2nd) 699 (C. A. La.) ; *Tryba* v. *Fray* (Nev.), 339 P. (2nd) 753; *Tyler* v. *Martin's Dairy, Inc.* (Md.), 175 A. (2nd) 587; *Keller* v. *Elks Holding Co.*, 209 F (2nd) 901 (8th Cir. 1954) ; *Benton* v. *Watson*, 231 Mass. 582, 121 N. E. 399.

The entry will be

*Appeal denied.*