Shirley A. Cullmann and Leo M. Cullmann, Plaintiffs-Appellees, v. William Mumper, Defendant-Appellant.

Gen. No. 66–87.

Third District.

July 5, 1967.

Mullin, Rosenbloom & Zun, of Chicago, and Herbolsheimer, of LaSalle, for appellant.

John David Zwanzig, of Ottawa, for appellees.

ALLOY, J.

This is an appeal from a judgment of the Circuit Court of LaSalle County in an action for personal injuries filed by the plaintiffs, Shirley and Leo Cullmann, against defendant, William Mumper. The injury occurred while plaintiffs were on the property of defendant Mumper. The jury returned a verdict of $5,000 and judgment was entered on such verdict. On appeal in this court, the basic ground for reversal is the contention that the trial court permitted the jury to arrive at a verdict based on instructions as to negligence of the defendant rather than requiring that the defendant be found guilty of willful and wanton misconduct.

Plaintiff Shirley A. Cullmann and her husband had been to a park on a picnic with defendant on Labor Day in 1964. Defendant suggested that after the picnic they stop at defendant's home and play cards and eat. Plaintiff, in her husband's automobile, rode to the home of defendant. They drove into defendant's driveway, where defendant arrived a few minutes later after leaving one of his boys at his mother's house. The driveway was 70 to 90 feet long and plaintiff and her husband were in their automobile on the portion of the driveway near the garage. Defendant backed into his driveway but prior to doing so noted that the automobile in which plaintiff was sitting was on the driveway. As defendant backed into the driveway, he applied his brakes but they failed to hold and he struck the rear of the plaintiffs' automobile causing injury to plaintiff, Shirley A. Cullmann. Defendant testified that he did not know why his brakes did not work but that he had installed a radio under the dashboard and some of the wires extended under the brake pedal. There was evidence from the husband, Leo M. Cullmann, that defendant's estimated speed at the time of impact was 25 to 30 miles

per hour. It was stipulated by the parties that the driveway, where the accident occurred, was entirely on defendant's property.

The complaint was predicated upon negligence and the requirement of ordinary care by defendant as to plaintiffs. The jury was instructed on the negligence theory only. IPI instructions were given over defendant's objections having to do with negligence and ordinary care. Defendant's tendered instructions relative to the requirement of willful and wanton misconduct were denied. Defendant also tendered a special interrogatory asking whether defendant operated his car in a willful and wanton manner, which interrogatory was denied by the court.

On appeal in this court, defendant advances the contention that as a social guest on the property of defendant, plaintiff Shirley A. Cullmann was a mere licensee, and that the duty imposed upon defendant is to refrain from willfully and wantonly injuring her. Defendant maintains that in spite of the nature of the activity involving the driving of defendant's automobile, the circumstance of ownership of the property limits his obligation to the social guests so that he would not be responsible for ordinary negligence in driving his automobile.

■ ■ Plaintiff as a social guest had the status of what is referred to as a licensee rather than a business invitee. It is true that if plaintiff had been injured by reason of some condition of the premises rather than from a negligent activity of defendant, plaintiff would only have been entitled to recover by a showing that defendant was guilty of willful and wanton misconduct. We must, however, determine this case on the facts and not on a rigid concept stemming from cases involving certain injuries sustained by reason of defects on premises. In the case before us, we are dealing with the activity of the operation of an automobile and we also find it notable that defendant knew of the presence of

397

the Cullmann automobile and that the Cullmanns were in their automobile at the time defendant was backing his vehicle.

Plaintiff rightfully asserts that a distinction should be made in those cases involving the condition of the premises and those involving activities of an occupier of premises. It is pointed out that the Supreme Court committee on jury instructions recognized this distinction when, following the IPI Instruction No. 120.03 outlining the Duty of Owner or Occupant to a Trespasser, Licensee or Social Guest—Injury Caused by Owner's or Occupant's Activities, they stated in Notes on Use: "This instruction instead of Instruction 120.02 is to be used when the activities of the owner or occupant, as distinguished from the condition of the premises, cause the injury." The particular instruction recites that the owner or occupant who knows or from facts known to him should reasonably anticipate the presence of the plaintiff in the place of danger, is under a duty to use ordinary care not to injure him. A number of the cases point out that the principle of a landowner being liable to licensees for only willful, wanton or affirmative acts stems from the English common law where the landowner was the backbone of the social system and supreme importance was attached to proprietary interests. It is pointed out, however, that the trend is away from this immunity from negligence in the maintenance of property, as regards persons classified as licensees.

In Dini v. Naiditch, 20 Ill2d 406, at 414, 170 NE2d 881, the Illinois Supreme Court stated (in 1960):

> "However, the history of the law on the subject of landowners and 'licensees' shows a tendency to whittle away a rule which no longer conforms to public opinion. As Bolen points out, 'Like so many cases in which a barbaric formula has been retained, its content has been so modified by interpretation as

to remove much of its inhumanity.' (50 Harv L Rev 725, 735.)"

In the Dini v. Naiditch case, a fireman was allowed recovery for negligent maintenance of the premises. In Ryan v. Chicago & N. W. Ry. Co., 315 Ill App 65, 42 NE2d 128, a policeman had been entitled to recover for negligent activities of the occupant of the land. Children have been excepted from the immunity for injuries resulting from negligent maintenance of land in a number of "turntable" and "attractive nuisance" doctrine cases. Finally, in Kahn v. James Burton Co., 5 Ill2d 614, 126 NE2d 836, the test of responsibility to a child was declared to be basically the simple issue of foreseeability of harm to the child whether the child was an invitee, licensee, social guest or trespasser. We have referred to these particular exceptions in pointing out that the old rule involving relationship of owners-licensees has been modified in many cases even with respect to condition of premises.

In McDaniels v. Terminal R. Ass'n of St. Louis, 302 Ill App 332 (at pages 346–347), 23 NE2d 785, where the railroad companies were charged with negligence for failure to keep a lookout for licensees known to go upon or pass over its tracks, and plaintiff was injured by being hit with a heavy timber thrown onto a pathway, after finding that the judgment was justified on the basis of willful and wanton conduct the court also stated:

"We are not, however, required to so conclude under the view which we take of this case, that defendant owed a duty to plaintiff, which, in the state of the evidence before it, the jury was justified in concluding was violated through the negligence of defendant's servants, and that, therefore, plaintiff is entitled to recover by virtue of such negligent breach of duty."

399

In substance, the court indicated that a licensee was entitled to recover for an active negligent breach of duty and was not simply protected as against willful and wanton misconduct. The courts of this State have concurred with the author of Prosser on Torts, 2d Ed, page 445, Licensees, § 77, where the author states:

> "A licensee is a person who is privileged to enter upon land by virtue of the possessor's consent. The possessor is under no obligation to exercise care to make the premises safe for his reception, and is under no duty toward him except:
>
> > "(a) To use reasonable care to discover him and avoid injury to him in carrying on activities upon the land."

Recovery was allowed on this principle in the case of Moore v. Ohio Oil Co., 241 Ill App 388, where defendant had stretched a cable across its private roadway leading to its house and plaintiff was paying a social call on the resident's wife and drove into the cable, injuring herself. In that case, the court recited (at page 391):

> "So far as we are advised they (Illinois courts) have never had occasion to consider what 'affirmative acts' would be sufficient to impose a liability upon the landowner. We are of the opinion that when defendant stretched the wire across the roadway without giving any warning of the changed condition it was such an affirmative act as would create a liability to one who was thereby injured while in the exercise of due care."

The Illinois courts, in considering a number of cases, have clearly indicated that if the circumstance or condition requires some higher standard of conduct than simply to refrain from willful or wanton misconduct, the

400

higher degree of care is required. This is sometimes described as the "humanitarian" rule. Some authors and some opinions have emphasized the principle on the basis of the factors of knowledge and foreseeability. As stated by the court in Kahn v. James Burton Co., 5 Ill 2d 614, at 622, 126 NE2d 836:

> "Every person owes to all others a duty to exercise ordinary care to guard against injury which may naturally flow as a reasonably probable and foreseeable consequence of his act . . ."

After the presence of an individual is noted on the premises in a place of danger, an owner is required to use ordinary care not to injure him (Briney v. Illinois Cent. R. Co., 401 Ill 181, 81 NE2d 866).

This is a duty which the courts have invoked as to all persons regardless of age. In some instances the distinction is made between what is described as active or passive negligence on the principle outlined in Moore v. Ohio Oil Co., 241 Ill App 388. In the case before us, defendant knew that plaintiff had responded to his invitation and was in an automobile on his driveway at the time he started to back the automobile into the same area.

It is observed by plaintiff in this court that no undue burden is placed upon an owner or occupant of property to simply require that he operate his motor vehicle while on his premises in a reasonable manner with regard to social guests whose presence is known to him at the place in which the automobile is operated. The injurious occurrence involved in this case in no fashion related to the condition or maintenance of the premises. We agree that plaintiff was a known social guest on the premises and that defendant had the duty of exercising ordinary care and caution to avoid injury from the affirmative activity of driving defendant's automobile on the driveway.

We, therefore, conclude that the judgment of the Circuit Court of LaSalle County was proper and should be affirmed.

Affirmed.

STOUDER, P. J. and CORYN, J., concur.