Evelyn J. FOSTER

v.

Theresa LaPLANTE.

Lawrence F. FOSTER

v.

Theresa LaPLANTE.

Supreme Judicial Court of Maine.

Aug. 8, 1968.

Francis C. Rocheleau, Westbrook, Edward J. Ridge, Portland, for plaintiff.

John A. Platz and Thomas E. Day, Jr., Lewiston, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN and WEATHERBEE, JJ.

MARDEN, Justice.

On appeal. This is a complaint in negligence by husband and wife for injuries sustained by the wife through the alleged negligence of the defendant.

The plaintiff, Evelyn J. Foster, was a guest on the defendant's premises by express invitation. While the plaintiff was such a guest the automobile of the defendant, which had been parked in the driveway of the premises, which driveway sloped toward the public street, and which vehicle defendant had entered and attempted to start the motor shortly before the accident, started to roll backward toward both the street and some children of undetermined age who were playing at the foot of the driveway. Plaintiff, upon observing the movement of the car, ran to it, entered it and with her right foot on the brake pedal and her left foot and a portion of her left leg outside the car, brought the car to a stop at which time the left door swung against her left leg, resulting in the injury complained of.

Defendant postured his defense upon the status of the plaintiff as a social guest-licensee on the premises of the defendant and urged, successfully, that liability on the de-

fendant could be imposed only if the defendant were shown to be guilty of wanton, willful, or reckless acts of negligence. Plaintiff does not contend that defendant's conduct falls within that category.

At the close of plaintiff's case a motion for a directed verdict in favor of the defense was granted, and plaintiff appealed.

It is conceded that plaintiff was a social guest,—actually invited, but in law a licensee, as is the general rule, and adopted in Restatement of Torts, Second, § 330 comment h, 3. As applied to a licensee and within the law applicable generally to occupiers of premises, defendant's position is sound and the ruling below is without error. Meserve v. Allen Storage Warehouse Co., Inc., et al., 159 Me. 128, 189 A.2d 381. It does not follow, however, that the law applicable generally to occupiers of premises is here controlling.

The reason why occupiers of land have been accorded a certain immunity from tort liability where injuries occur due to the condition or use of the premises is grounded in a public policy that as to trespassers, and to a lesser extent licensees, the burden of taking affirmative steps to make the premises safe is unjustifiably great. The trespasser, or licensee, is not denied the right to recover because his entry upon the defendant's premises is wrongful, but because his presence is not to be anticipated and the occupier owes him no duty to take precautions toward safety of his premises. The significance of anticipation of the presence of a third party upon the premises is demonstrated by the exception from the general rule of non-liability made by the common law in case of mantraps and spring guns. 38 Am.Jur., Negligence § 114.

When the element of "anticipation" disappears as is the case where the presence of the party ultimately injured is known,— or should have been known, by the occupier of the premises, the basis of the traditional non-liability on the occupier likewise disappears, and an exception to the general rule expressed in *Meserve*, supra, which has gained increasing acceptance, is that where injury occurs out of the *active conduct*,—affirmative negligence, of the occupier, as distinguished from conditions of the premises, the occupier may be liable for ordinary negligence towards the licensee whose presence on the land is known, or should reasonably be known by the occupier. Oettinger v. Stewart, 24 Cal.2d 133, 148 P. 2d 19 [7, 8] 21, 156 A.L.R. 1221 (1944), exception recognized in Comeau v. Comeau, 285 Mass. 578, 189 N.E. 588, 589, 92 A.L.R. 1002 (1934) and Restatement, Torts, 2d § 341. See also Annot. 25 A.L.R.2d 598 § 3, 601; 65 C.J.S. Negligence § 63 (36); and 38 Am.Jur., Negligence § 117. That confusion exists in the application of this rule is understandable. See Annotations 49 A.L.R. 778 and 156 A.L.R. 1226.

The obvious rationale of this exception to the general rule is that:

"(I)t is a humanitarian principle of justice that when a party violates a plain and manifest duty to protect human life and limb he will not be heard to say in justification that the person injured was merely a trespasser (licensee)." Louisville & Nashville Railroad Co. v. Spence's Adm'r, Ky., 282 S.W.2d 826 [2–5] 829.

Discussion of active and passive negligence is given in 65 C.J.S. Negligence § 1 (14), but a more definitive distinction between the two appears in Potter Title & Trust Co. v. Young et al., 367 Pa. 239, 80 A. 2d 76, [1] 78 (1951) where the Court said:

"Generally speaking, the term 'passive negligence' denotes negligence which permits defects, obstacles or pitfalls to exist upon the premises, in other words, negligence which causes dangers arising from the physical condition of the land itself. 'Active negligence', on the other hand, is negligence occurring in connection with activities conducted on the premises, as, for example, negligence in the operation of machinery or of moving vehicles whereby a person lawfully upon the premises is injured."

Classical examples of active negligence resulting in injury to a licensee may be found in *Potts v. Amis*, 62 Wash.2d 777, 384 P.2d 825 (1963) where the occupier-defendant, in the swinging of a golf club, struck the plaintiff-social guest-licensee; in *Perry v. St. Jean*, 218 A.2d 484 (R.I.1966) where social guest-licensee rider was injured by occupier's negligent saddling of the horse being ridden; in *Blystone v. Kiesel*, 431 P. 2d 262 (Or.1967) where the occupier-defendant in rushing to answer a fire alarm, knocked down the plaintiff-social guest-licensee; and in *Tatum v. Rester*, 242 Ark. 271, 412 S.W.2d 293 (1967) where defendant-occupier backed car to injure a visiting child.

What could be termed an equally clear case of active negligence is found in *Cochran v. Abercrombie*, 118 So.2d 636, 79 A.L. R.2d 986 (D.C. of Appeal, Fla.1960, rehearing denied), where the licensee, who had taken a position near the occupier's car, at occupier's request, was struck by the car when it "lurched forward" as a result of an act by the occupier. This case is urged as a precedent by defendant, but the Florida Court, though acknowledging the active negligence exception, specifically refused to adopt it, and the decision represents a decreasing minority view.

It is to be recognized, however, that actionable negligence may arise from inaction as well as action. 38 Am.Jur., Negligence § 3, and active negligence may occur by acts of omission as well as acts of commission. *Spielman v. New York, New Haven and Hartford Railroad Company*, 147 F. Supp. 451 [1] 453 (U.S.D.C., N.Y.1956); *Jackson v. Associated Dry Goods Corp.*, 13 N.Y.2d 112, 242 N.Y.S.2d 210, [2-7] 214, 192 N.E.2d 167 (1963); and *Ingham v. Eastern Air Lines, Inc.*, 373 F.2d 227 [22–24] 240 (2 CCA 1967).

Illustrative is *Lordi v. Spiotta*, 133 N.J.L. 581, 45 A.2d 491 (1946) where occupier-defendant intended to have shut off gas water heater, but did not completely do so. Later social guest was injured by explosion when about to light it. Defendant's failure to shut off the gas supply was termed active negligence.

On point is *Carney v. Buyea*, 271 App. Div. 338, 65 N.Y.S.2d 902 [1–4] 905 (Supreme Court, App.Div.1946), appeal denied 271 App.Div. 949, 68 N.Y.S.2d 446 (1947). See also Annot. 79 A.L.R.2d 990.

The defendant here was aware of plaintiff's presence.

█ It is not clear whether defendant tried, without success, to start the motor of the parked vehicle before or after plaintiff arrived upon the premises and defendant was aware of plaintiff's arrival. A jury could conclude that the attempt was made after plaintiff arrived and defendant was aware of her arrival. It is clear that while the parties were in each others presence, a domestic duty called defendant into the house and while she was thus temporarily absent from the yard, the car began to roll with resulting action by and injury to plaintiff.

The case falls within the stated exception to the general occupier of premises-licensee rule[1] and the defendant owed plaintiff, whose presence was known, though at law a licensee, a duty to exercise due care for her safety,—to refrain from affirmative acts of negligence.

Appeal sustained.

DUFRESNE, J., did not sit.

---

1. Since obviated, in part, by Chapter 366 P.L.1967 which places a "social invitee" in the same class as a "business invitee."