CROSS, Judge.
Appellant-plaintiff, Steven Billen, appeals a summary final judgment entered in favor of appellees-defendants, Doris Hix, et al., in an action for damages for personal injuries. We reverse.
Plaintiff and defendants Hix were next door neighbors. One morning Mrs. Hix was unable to start her car. Seeing Mr. Billen nearby, Mrs. Hix asked him if he had any gasoline. Mr. Billen replied affirmatively, obtained some gasoline which he put in a small coffee can, and went onto Defendant-Hix’s property where the car was parked. While Mr. Billen was bending over the engine pouring gasoline into the carburetor, the gasoline suddenly burst into flames, causing severe burns to him. Subsequently, plaintiff filed complaint for damages for the injuries sustained.
Defendants answered the complaint, generally denying the allegations thereof and set forth the affirmative defense of contributory negligence. Thereafter defendant filed motion for summary judgment based on the pleadings, depositions and interrogatories on the ground that there was no genuine issue as to any material fact, contending that plaintiff was a mere licensee on defendants’ property rather than an invitee, and thus the only duty owed plaintiff by Mrs. Hix was to refrain from wantonly and willfully injuring him. The trial court determined that plaintiff was not an invitee, and entered summary final judg *286 ment for defendants. This appeal followed.
The duty owed by the owner or occupier of land to a licensee is to refrain from wanton negligence or willful misconduct, and to warn of any defect or condition known to the landowner to be dangerous if such danger was not open to ordinary observation by the licensee. McNulty v. Hurley, Fla.1957, 97 So.2d 185; Lunney v. Post, Fla.App.1971, 248 So.2d 504; Smith v. Montgomery Ward & Co., Fla.App.1970, 232 So.2d 195.
Historically, the reason why owners and occupiers of land have been accorded a certain immunity from tort liability where injuries occur due to the condition or use of the premises is grounded in a public policy that as to trespassers, and to a lesser extent licensees, the burden of taking affirmative steps to make the premises safe is unjustifiably great. The trespasser or licensee is not denied the right to recover because his injury upon defendant’s premises is of no consequence, but because his presence is not to be anticipated and the owner or occupier owes him no duty to take precautions toward the safety of the premises. Foster v. LaPlante, Me. 1968, 244 A.2d 803.
Thus, Florida courts have long denied recovery to a licensee injured as a result of the condition or use of the landowner’s premises, in the absence of a specific showing of a breach of the landowner’s duty of care, as set forth in McNulty v. Hurley, supra.[1] Compare Romedy v. Johnston, Fla.App.1967, 193 So.2d 487, with Lowery v. Rosenberg, Fla.App.1962, 147 So.2d 321. The law in most other jurisdictions is similar. See 65 C.J.S. Negligence § 63(32).
On the other hand, where the presence of the injured person is known to the landowner, and the injury is caused by the active conduct or affirmative negligence of the landowner, as distinguished from the condition of the premises, the great weight of authority and better reasoning is that the landowner may be liable for ordinary negligence to the injured person. E. g., Foster v. LaPlante, supra; Potts v. Amis, 1963, 62 Wash.2d 777, 384 P.2d 825; Cullmann v. Mumper, 1967, 83 Ill.App.2d 395, 228 N.E.2d 276; accord, W. Prosser, Law of Torts § 77 at 445 (2d ed.); 2 Harper & James, Law of Torts § 27.10 at 1475; Restatement of Torts § 341. See generally Annot., 79 A.L.R.2d 990.
We have not overlooked Cochran v. Abercrombie,[2] Fla.App.1960, 118 So.2d 636. There, plaintiff was a social guest in defendant’s home. During the course of the visit, defendant requested plaintiff to take a look at defendant’s car. While plaintiff was doing so, defendant attempted to start the car while the vehicle was in gear, and plaintiff was injured when the car lurched forward. The court affirmed a judgment in favor of the defendant landowner on the basis that plaintiff was a licensee on defendant’s property and there had been no showing of any breach of the duty owed by a landowner to a licensee. The court declined to observe the distinction between those situations involving active negligence on the part of the landowner, and those involving the condition of the premises, citing Pensacola, St. Andrews & Gulf S. S. Co. v. Austin, 1912, 63 Fla. 241, 58 So. 611.
A closing reading of Pensacola, St. Andrews & Gulf S. S. Co. v. Austin, supra, convinces us that the case does not mean that no distinction may be drawn between instances where an injury is caused by ac *287 tive negligence on the part of the landowner and instances involving only the condition of the premises. The key factor in the Pensacola case was that plaintiff, at the time of the injury, had situated herself in a place where her presence could not have been anticipated by defendant — the loading dock of an export steamship company. Even though plaintiff’s presence had been discovered by one of defendant’s employees shortly before the accident, it was clear that the court considered that it would have been unreasonable to impose upon defendant the duty to make such a place completely safe for the plaintiff.
Thus, the reliance in the Cochran case on Pensacola, St. Andrews & Gulf case, supra, was misplaced. The Cochran case has been aptly characterized as representing a “decreasing minority view,” Foster v. LaPlante, supra, and does not comport with either the unmistakable trend in this area of the law, or with sound logic.
The instant case demonstrates the lack of logic in rigidly adhering to a “licensee-invitee” concept in cases where the plaintiff’s injury is unconnected with the condition of the premises. The automobile which plaintiff and defendant were attempting to start happened to be located in defendants’ driveway. It could have just as easily been parked on the side of the street in front of defendants’ house. The location of the car was purely fortuitous, and had nothing whatever to do with the injury suffered by plaintiff. Defendants’ liability vel non to plaintiff should not depend upon the haphazard circumstance of the car’s location, when such circumstance is completely extraneous to the cause of the accident.
It is our determination that defendants, as owners or occupiers of land, were under a duty to exercise reasonable care to avoid injuring a person such as plaintiff, who was on the land with Mrs. Hix’s permission and of whose presence she was aware. E. g., Potts v. Amis, supra. An issue of fact exists in the instant case as to reasonable care, which has not been negated.
Accordingly, the summary final judgment is reversed, and the cause remanded for further proceedings consistent with the views herein expressed.
Reversed and remanded.
MAGER, J., concurs.
WALDEN, J., dissents, with opinion.

. In the case sub judiee it is not contended that defendants were guilty of wanton negligence or willful misconduct, or of failure to warn of a known dangerous condition. McNulty v. Hurley, supra.

. Nor have we overlooked Gale v. Tuerk, Fla.App.1967, 200 So.2d 261, which contained a statement to the effect that the legal relationship of licensor and licensee exists even where the injury complained of is unrelated to the condition of the premises.