Geraldine M. SCHNEIDER,
Plaintiff, Appellant,

v.

UNITED STATES OF AMERICA,
ACADIA NATIONAL PARK,
Defendant, Appellee.

No. 84–2027.

United States Court of Appeals,
First Circuit.

Argued April 1, 1985.
Decided April 29, 1985.

---

Arthur H. Goldsmith, Boston, Mass., for plaintiff, appellant.

Evan Slavitt, Asst. U.S. Atty., Boston, Mass., with whom William F. Weld, U.S. Atty., Boston, Mass., was on brief for defendant, appellee.

Before COFFIN, Circuit Judge, ALDRICH and ROSENN,* Senior Circuit Judges.

* Of the Third Circuit, sitting by designation.

BAILEY ALDRICH, Senior Circuit Judge.

The State of Maine has a statute entitled, *"Limited liability for recreational or harvesting activities."* Me.Rev.Stat.Tit. 14, § 159–A. It provides, in part,

> 2. Limited duty. An owner, lessee or occupant of premises shall owe no duty of care to keep the premises safe for entry or use by others for recreational or harvesting activities or to give warning of any hazardous condition, use, structure or activity on these premises to persons entering for those purposes.

> 3. Permissive use. An owner, lessee or occupant who gives permission to another to pursue recreational or harvesting activities on the premises shall not thereby:

> A. Extend any assurance that the premises are safe for those purposes;

> B. Make the person to whom permission is granted an invitee or licensee to whom a duty of care is owed; ....

On July 21, 1981, on her way to a sight-seeing visit to Thunder Hole, a spectacular spot in Acadia National Park, a government reservation on Mount Desert Island, Maine, plaintiff parked her car by a state road, emerged and entered another portion of the Park, the steps down to Sand Beach. She tripped, allegedly because of a defect in the steps, and brings this FTCA suit against the government for her resulting injury. The government, pleading the statute, sought and obtained summary judgment. Plaintiff appeals. We affirm.

Plaintiff concedes the government's general right to rely on the statute, *United States v. Schultz*, 282 F.2d 628, 631 (1st Cir.1960), *cert. denied*, 365 U.S. 817, 81 S.Ct. 698, 5 L.Ed.2d 695 (1961), but contends that there is at least a question of fact whether she fell (literally and figuratively) within it. Under Definitions, the statute provides,

> B. "Recreational or harvesting activities" shall mean recreational activities

conducted out of doors, including hunting, fishing, trapping, camping, hiking, sightseeing, operation of snow-traveling vehicles, skiing, hang-gliding, boating, sailing, canoeing, rafting or swimming or activities that involve harvesting or gathering forest products. It shall include entry, use of and passage over premises in order to pursue these activities. (1979)

■ In this case, before entering the park plaintiff had stopped for a cup of coffee and, rather than drink it there (wherever that was) or in the car, she saw a sign "Sand Beach" and decided to go there to drink it. She makes two contentions. First, that coffee drinking is not within the statutory list, and she intended none of the named activities. The short answer to the first is that the list does not purport to be complete, but is only illustrative. Any number of clearly recreational activities suggest themselves, from birdwatching to sunbathing, to playing ball on the beach. Neither as a matter of grammatical construction, nor sense, is the statute to be read as applying only to the recreational activities expressly named. *Fetherolf v. State of Ohio, Department of Natural Resources, etc.,* 7 Ohio App.3d 110, 454 N.E.2d 564, 566 (1982).

■ Second, plaintiff claims that it could be found that she was not engaged in any recreational activity at all; that the weather was "cool, drizzly, overcast," and she was going "not to swim, sightsee or have a picnic lunch," and that only to drink coffee under such circumstances could be found not recreational. Passing the extraordinary problems that would arise if the government's liability were to depend on drawing a line between a picnic lunch and a cup of coffee, (coffee and a submarine sandwich, but not coffee, and perhaps a doughnut) or between a cool, overcast day and bright sunshine, surely beauty is in the eye of the beholder. Quite apart from the fact that very evidently plaintiff was going to the beach for the pleasure of being there, or she would have consumed the coffee in her car, the statute is to be applied objectively, not subjectively. But, more important, the consequences of plaintiff's approach would be absurd. The manifest purpose of the Park is recreational. Plaintiff would have it that a greater duty is owed to those for whom the Park is not maintained than to those for whom it is.

This is about as backward thinking as we can imagine; it is difficult to believe that counsel is serious. But, assuming he is, looking at the matter in the large plaintiff totally misconceives the statute's intendment. Its purpose is to allow a landowner to permit broad uses of his land without incurring the obligations of a common law licensor. True, the limited obligation and the permission go hand in hand, but if plaintiff's presence fell outside the recreational permission she would have to prove some other authorization or she would be a mere trespasser. To be, for example, a business invitee would escape the statute, *see Orawsky v. Jersey Central Power & Light Co.,* 472 F.Supp. 881, 884–85 (E.D.Pa. 1977), and would impose greater liability, *cf. Meserve v. Allen Storage Warehouse Co.,* 159 Me. 128, 189 A.2d 381 (1963), but plaintiff can show no such permission. Hence it would avail her nothing to prove that she was not a recreationer; as a trespasser she would have the same limited— and insufficient—claim.[1] *United States v. Schultz,* ante. We cannot conceive of her increasing her rights in the manner attempted.

Quite aside from all this, the court was entirely correct in ruling, as matter of law, that plaintiff was a recreationer.

Affirmed.

**1.** We note, for completeness, that the statute does preserve to recreationers the same rights that would be accorded to trespassers. *E.g.,*

    4. Limitations on section. This section shall not limit the liability which would otherwise exist:

    A. For a willful or malicious failure to guard or to warn against a dangerous condition, use, structure or activity; ...