ENTERED DEC 0 9 2014

STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-13-198
PAF-YOR-12-06-14

RACHEL BROWN and
DESTINY PHANEUF,

Plaintiffs

v.

**ORDERS ON PENDING MOTIONS**

NEW HAMPSHIRE NORTHCOAST
CORPORATION,

Defendant

The plaintiffs, who were fourteen and thirteen years old respectively on the morning of May 28, 2008, skipped school and in order to avoid detection by their parents, decided to lie down on the railroad tracks near the Three Mile Pond trestle in Lebanon. A train owned and operated by the defendant ran over them. They survived the incident, but both suffered permanent injuries. They filed a negligence complaint on August 28, 2013 using language based on the duty of care owed to trespassers. The defendant answered denying liability.

On November 19, 2013 the court issued a standard scheduling order setting a July 19, 2014 discovery deadline.

On April 18, 2014 the defendant filed a motion for summary judgment, which argued that the plaintiffs were trespassers, that there is a lesser duty of care toward trespassers, and that there was no evidence of the willful, wanton or reckless misconduct that is required to impose liability. The defendant also submitted a letter

to the Clerk asking that a discovery conference be held to discuss its request that further discovery be stayed until the motion for summary judgment was decided.

After a lengthy conference with counsel I issued an order on May 22, 2014, which granted the defendant's request to stay discovery and set a deadline of June 20, 2014 for the plaintiffs to respond to the summary judgment motion including any request under Rule 56(f), M.R. Civ.P. to delay a response pending further discovery.

The plaintiffs have filed a motion to reconsider the order granting a stay of discovery and a motion pursuant to Rule 56(f). Those motions have been briefed and argued.

My view as to the legal principles remains unchanged. The plaintiffs were trespassers and their claims must be treated under the well-established Maine law related to trespassers. *Foster v. LaPlante*, 244 A.2d 803(Me. 1968) did not involve a claim by a trespasser.

My view as to the wisdom of further discovery remains unchanged. Much discovery has been provided and it is unlikely, but possible, that sufficient new facts will be found that will change the likely outcome of the case. My view as to the opportunity to conduct further discovery has changed. The two key railroad employees have not been deposed and the plaintiffs' expert or experts have apparently not viewed the scene. I have on occasion, in the judgment of the Law Court, dismissed or granted summary judgment prematurely. It seems wiser, though there is both a financial and psychological cost in doing so, to permit further discovery.

The remaining discovery should focus on depositions and the entry onto and inspection of land, rather than less productive disputes concerning the adequacy of responses to request for admissions.

2

The entries are:

Plaintiffs' motion to reconsider order granting defendant's motion to stay discovery is granted. The order of May 22, 2014 granting a stay is vacated.

Plaintiffs' rule 56(f) motion is granted. The time to respond to defendant's motion for summary judgment is extended through April 30, 2015.

A ruling on the defendant's motion for summary judgment is deferred.

The discovery deadline is extended through March 31, 2015.

Dated: December 8, 2014

Paul A. Fritzsche
Justice, Superior Court

3

CV-13-198

ATTORNEY FOR PLAINTIFFS:
GARY GOLDBERG
TERRY GARMEY & ASSOCIATES LLC
482 CONGRESS STREET SUITE 402
PORTLAND ME  04101


ATTORNEY FOR DEFENDANT:
MARTICA DOUGLAS
DOUGLAS DENHAM BUCCINA & ERNST
PO BOX 7108
PORTLAND ME  04112-7108