## LUCINDA · N. JONES

### *vs.*

## THE CO-OPERATIVE ASSOCIATION OF AMERICA.

Androscoggin.    Opinion November . 9, 1912.

*Damages. Due Care. Elevator. Evidence. Exceptions. Immature Operator. Chapter 4 of Public Laws of 1907. Negligence.*

1. It is provided by section one of chapter four of· the Laws of 1907 that "no person, firm or corporation, shall employ, or permit any person under the age of fifteen years to have the care, custody, management or operation of any elevator," under the penalty prescribed in section two.

2. The boy employed to operate and control the defendant's elevator at the time of the plaintiff's injury was fourteen years and five months old.

3. The fact that he was employed by the defendant in violation of law, to operate and control this elevator, was competent but not conclusive evidence of the defendant's negligence with respect to all consequences resulting from a failure of duty on the part of such boy of immature age; and if it is unexplained, and taken in connection with other facts and circumstances, it may be conclusive evidence of such negligence on the part of the defendant.

4. It is universally recognized that the violation of a criminal statute is evidence of negligence on the part of the violator as to all consequences that the statute was intended to prevent.

5. It was incumbent upon the defendant to exercise such thoughtfulness, prudence and discrimination in the selection of elevator boys as the proper discharge of that duty and the situation and circumstances demanded, having regard to the serious consequences likely to flow from a negligent or unskillful operation and management of the elevator.

On exceptions by the plaintiff.   Sustained.

This is an action to recover damages for personal injuries to the plaintiff resulting from the alleged negligence of the defendant in the operation and control of the elevator in its store in Lewiston.

It is alleged in the declaration that the defendant negligently and carelessly placed in charge of the elevator to run and operate the same, an inexperienced, incompetent and unsuitable boy of immature years, contrary to law.   Plea, general issue.

At the conclusion of the plaintiff's evidence, the presiding Justice ordered a nonsuit upon the defendant's motion, with a stipulation on the part of the defendant that if, for any reason, the order for a nonsuit is overruled, and the case sent back for trial, the question of damages only shall be submitted to the jury.   The plaintiff excepted to the order for nonsuit.

The case is stated in the opinion.

*McGillicuddy & Morey,* for plaintiff.

*Oakes, Pulsifer & Ludden,* for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, CORNISH, KING, HALEY, JJ.

WHITEHOUSE, C. J. This is an action to recover damages for personal injuries to the plaintiff resulting from the alleged negligence of the defendant in the operation and control of the elevator in its store in Lewiston known as the Peck Department Store. The negligence complained of is described in the plaintiff's declaration in substance as follows: The defendant carelessly and negligently placed in charge of the elevator, to run and operate the same, an inexperienced, incompetent and unsuitable boy of immature years, contrary to law, and negligently permitted another of its employees, a boy of immature years, to ride on the elevator without any business or

employment thereon. The boy in charge of the elevator started the same by means of the lever, and ran it, with the plaintiff and the other boy thereon, down to the first floor of the store, and there stopped it for the plaintiff to alight; and while the plaintiff, in the exercise of due care, was attempting to alight by stepping out on to the first floor, the boy in charge of the elevator negligently failed to guard and protect the lever, and left the same unattended and unguarded, and while so left the other boy meddled with the lever and set the same in motion, whereby the elevator was suddenly and without warning started in motion with great force, so that the plaintiff was thereby thrown with great force and violence to the first floor of the store, fracturing the bone of her arm near the shoulder and causing the other injuries of which she complains.

· It is provided by section one of chapter 4 of the Laws of 1907 that "No person, firm or corporation shall employ or permit any person under the age of fifteen years to have the care, custody, management or operation of any elevator," under the penalty prescribed in section two.

Peter Hayes, the boy employed to operate and control the defendant's elevator at the time of the plaintiff's injury, was fourteen years and five months old.

The fact that Hayes was employed by the defendant in violation of law, to operate and control this elevator, was competent but not conclusive evidence of the defendant's negligence with respect to all consequences resulting from a failure of duty on the part of such boy of immature age; and if it is unexplained, and taken in connection with other facts and circumstances, it may be conclusive evidence of such negligence on the part of the defendant. As stated by this court in *Larrabee* v. *Sewall,* 66 Maine, 381, "It may be 'strong evidence' that a party is in the wrong when he is doing that which the law forbids him to do." *Neal* v. *Randall,* 98 Maine, 69; *Moore* v. *Maine Central R. R.,* 106 Maine, 297. In *Brown* v. *Whitman,* 209 Mass., 166, the defendant was operating an automobile without a license, and it is said in the opinion, "It is universally recognized that the violation of a criminal statute is evidence of negligence on the part of the violator as to all consequences that the statute was intended to prevent. See also *Berdos* v. *Tremont & Suffolk Mills,* 209 Mass., 489; *Doolan* v. *Pocasset Mfg. Co.,* 200

Mass., 200; *Finnegan* v. *Winslow Skate Mfg. Co.*, 189 Mass., 580; and *Steele* v. *Jaeger Automatic Machine Co.*, 220 Penn., 617.

On the day of the injury in the case at bar, the plaintiff, a lady sixty-seven years of age, accompanied by her daughter, made some purchases at the defendant's store, and after lunching at the restaurant on the fourth floor, took the elevator in charge of the boy Peter Hayes, for the purpose of returning to the first or street floor. At the third floor the elevator was stopped by Hayes and another boy by the name of Lloyd Kritz, who was also in the employment of the defendant, and apparently of about the same age as Hayes, was taken into the elevator. The two boys were "playing and fooling" coming down to the first floor, Kritz making several attempts to seize and control the lever by which the elevator was operated. But Hayes retained control of it until the street floor was reached when the elevator was stopped, and according to the testimony of the plaintiff's daughter, Hayes "opened the door and stepped across away from the lever, or away from his post of duty," leaving the lever unguarded and Kritz within reach of it. The plaintiff's daughter stepped out and just as the plaintiff was in the act of alighting, and before her foot reached the floor, Kritz seized the unguarded lever and started the elevator up with a jerk, throwing the plaintiff heavily to the floor and causing the injuries of which she complains.

At the conclusion of the plaintiff's evidence, the presiding Justice ordered a nonsuit upon the defendant's motion, with a stipulation on the part of the defendant that "if for any reason the order for a nonsuit is overruled, and the case sent back for trial, the question of damages only shall be submitted to the jury."

It was incumbent upon the defendant to exercise such thoughtfulness, prudence and discrimination in the selection of elevator boys as the proper discharge of that duty and the situation and circumstances demanded, having regard to the serious consequences likely to flow from a negligent or unskillful operation and management of the elevator. He was prohibited by statute from employing any boy under fifteen years of age. A boy of more mature years and judgment might have anticipated that it would be necessary to guard the lever of the elevator with vigilance in order to prevent the mischief which might be caused by an intermeddling play-

mate who had shown an eager desire to obtain control of the lever and operate the elevator himself.

There is no suggestion of any want of due care on the part of the plaintiff herself, and under all the circumstances, it is the opinion of the court that the question of the defendant's negligence should have been submitted to the jury, and that there was sufficient evidence to support a verdict in favor of the plaintiff upon that issue.

According to the stipulation of the parties, the certificate must therefore be,

*Exceptions sustained; case to stand for*
*trial upon question of damages only.*