GORDON McMINN, Pro Ami,

*vs.*

THE NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY.

Androscoggin.    Opinion August 20, 1915.

*Attractive Nuisances.    Contributory Negligence.    Damages.    Duty.    Negligence.
Personal Injuries.    Trespasser.    Turn-Table Cases.*

1.   Questions of negligence in cases of personal injuries are always to be considered with reference to the particular injury in the case, and not with reference to other injuries which might have been occasioned in some other manner.

2.   A telephone company set one of its poles so that one of the guy wires was anchored in the ground inside a school yard.   The guy wire passing through an eye in the anchor was bent back upon itself and tied.   In time the end of the wire became untwisted.   The rods or steps in the pole were so placed that the lowest one could not be reached from the ground.   A boy climbed upon an adjacent hen house roof, then on to a fence and wood pile, where he could reach the lowest rod, then climbed the pole on the steps and slid down the guy wire receiving injuries.

*Held*:    That the question of the defendant's negligence must be weighed not with reference to the liability that boys running or playing in the yard might be injured by the guy wires, but with reference to the liability that a boy might be injured in the manner this plaintiff was; and that in this view, the defendant was not negligent.

*Held*, also, that the plaintiff was guilty of contributory negligence.

On report.    Judgment for defendant.

This is an action brought by Gordon McMinn, a minor, against the New England Telephone and Telegraph Company, to recover damages for injuries received while sliding down a guy wire.    Plea, the general issue.    At the conclusion of the evidence, the case was reported to the Law Court for final determination upon so much of the foregoing evidence as is legally admissible.

The case is stated in the opinion.

*McGillicuddy & Morey,* for plaintiff.

*White & Carter,* for defendant.

SITTING:  SAVAGE, C. J., SPEAR, KING, BIRD, HALEY, HANSON, JJ.

SAVAGE, C. J.  Case to recover damages for personal injuries. The case comes before this court on report.  The facts are practically undisputed.  Many years ago the defendant set one of its poles on the line bounding the rear end of an unfenced school yard, and near the side line between the school yard and abutting owners.  A guy wire was fastened to the pole about 25 feet from the ground and extended to an anchor iron in the ground in the yard four or five feet from the bottom of the pole.  The wire was run through an eye in the anchor iron and bent back upon itself and fastened with a clamp. About a foot of the wire was left above the clamp, and the end of the wire was 3½ feet above the ground.  At the time an arm taken from the pole was tied with wire over the clamp and exposed end of the wire.  But this arm seems to have come off, and in time the strands of the wire above the clamp became untwisted and spread out. There were short rods through the pole to serve as steps in climbing, but the lowest rod was so high that it could not be reached by one standing on the ground.  Some time after the pole was set, the city of Lewiston, by agreement with the defendant, placed upon it the wires of its fire-alarm service.  About two years before the plaintiff was injured, the defendant removed all of its wires from the pole, but left the pole, which the city has since continued to use.

On the day of the accident, the plaintiff, a boy of ten years, was playing with one of his school fellows in the school yard.  He was "stumped" by his playmate to climb the pole and slide down the guy wire, which he then proceeded to do.  He could not reach the lowest rod or step on the pole.  What he did we state in his own language:—"First, I climbed upon the hen house roof, and from there I climbed over on the fence, and I got up on the woodpile and climbed up the woodpile,—climbed up on the woodpile so I could get hold of the spikes on the pole, then I climbed on top of the pole and slid down the wire."  In sliding down, his leg caught on the untwisted end of the guy wire, and he was seriously injured.  The hen-house and woodpile were on land adjacent to the school yard.

There is no evidence that the defendant had any authority to put the pole where it was in the first place.  But the fact that the city was using it makes it apparent that it remained there with the city's assent.  Therefore the defendant was not at the time of the injury

a trespasser. The only additional fact relied upon by the plaintiff is that the school boys were accustomed to play around or in the vicinity of the pole.

The plaintiff predicates negligence, and therefore liability, on the part of the defendant on the contention that the exposed end of the wire was a source of danger to boys playing in the yard, and that it was the duty of the defendant to have guarded against it. And it is urged that this contention is all the more forcible because, it is said, "the defendant must have known that that pole in the school yard was a direct challenge to every boy to climb it and slide down the wire."

We need not inquire now whether the condition of the wire was dangerous to boys running about the yard, nor what would have been the liability if the plaintiff had run against the untwisted wire. *McTaggart* v. *M. C. R. R. Co.*, 100 Maine, 223. That is not the question presented by the evidence. Nor are we concerned with the question whether the defendant would have been liable, if the rods or steps in the pole had continued down to the ground. The question here is whether the defendant owed the plaintiff any duty further to safe-guard the pole against the contingency that the plaintiff might attempt to climb the pole and slide down the wire. We think it is clear that it did not. The only way by which the plaintiff could be exposed to the particular danger complained of in this case was by climbing the pole and sliding down the wire.. But he could not climb the pole from the ground. He could climb the pole only by first climbing over hen-house, fence and wood-pile on adjacent land. Whatever duty the defendant owed, it did not owe the plaintiff any duty to guard against the consequences of such steps as he took. And we may add that the conduct of the plaintiff was reckless, even for a boy, and constituted contributory negligence.

The plaintiff seeks to bring this case within the doctrine of the so called "turn-table" cases, or the doctrine declaring liability for maintaining structures attractive to children. Structures are sometimes by some courts regarded as nuisances, because their attractiveness makes them dangerous to children. Under the circumstances we do not think the pole and guy wire in this case can be called so in fact. Besides the doctrine of "attractive nuisances" has never been adopted in this state. It is denied by many courts.

*Judgment for defendant.*