### MILLARD A. KIMBALL *vs.* IVORY DAVIS.

### York.    Opinion March 15, 1918.

*Negligence. Rule in actions of tort as to admissibility of evidence of the violation of the statute or ordinance by defendant as bearing upon the question of defendant's negligence.*

Where evidence is admitted for a purpose alleged to be illegal, subject to objection and exceptions, and the court in its instructions to the jury confines the evidence so admitted to a single point for which it was confessedly admissible, the presumption is that the jury regarded the instructions in arriving at its verdict.

The evidence being conflicting and the credibility of the witnesses wholly for the jury, the court is of opinion that there was sufficient evidence in the case to sustain the verdict for the plaintiff.

Action on the case to recover damages on account of fire, caused, as the plaintiff alleged, through the negligence of defendant. Defendant filed plea of general issue. Verdict for plaintiff in sum of $795.95. Defendant filed motion for new trial, also exceptions to certain rulings of presiding Justice. Exceptions overruled. Motion for new trial denied.

Case stated in opinion.
*Stone & Stone,* for plaintiff.
*Emery & Waterhouse,* for defendant.

SITTING:  CORNISH, C. J., SPEAR, KING, BIRD, HANSON, JJ.

BIRD, J.  This cause comes before this court upon defendant's bill of exceptions and general motion for new trial.  It is an action of the case to recover damages occasioned to the property of the plaintiff by fire, sparks and cinders communicated thereto over and through the lands of others, which is alleged to have escaped from the smoke stack of defendant by reason of his negligent and careless use and operation of his steam saw mill, engine, boiler and smoke stack.  The jury found for plaintiff.

It appears from the bill of exceptions that plaintiff during the cross examination of defendant asked him if he had obtained a license to operate and run his engine.  The defendant objected to the admission of the question on the ground that the obtaining of a license would have no bearing upon how a man operated a mill and that, there being no allegation of the maintenance of a nuisance by defendant, the question was immaterial.  The plaintiff claimed it to be admissible on the ground that failure to obtain the license required by Statute (R. S., Chap. 23, Secs. 21-24) "is evidence of not being willing to comply with the plain statutory enactments of this State," not claiming, if it is not obtained, that defendant is liable, or is not liable from that fact.  The question was admitted subject to exceptions and was answered in the negative.

The license is required by statute to designate the place where the buildings for a stationary engine shall be erected, the materials and mode of construction, the size of the boiler and furnace, and such provision as to height of chimney or flues and protection against fire and explosion as the municipal officers think proper for the safety of the neighborhood.  R. S., Chap. 23, Sec. 21.  The rule as to the admission of evidence of the violation of a statute or ordinance by defendant in actions of tort, as declared in the State, is that such violation is not negligence per se but that the violation of a statute or ordinance prohibiting or requiring a certain course of action is evidence of negligence when the inquiry is whether the doing or the failure to do an act of that character was negligence and that, under

all the circumstances of such case, the questions of negligence and causal connection should be submitted to the jury. *Neal* v. *Randall,* 98 Maine, 69, 77; *Carrigan* v. *Stillwell,* 97 Maine, 247, 253; See *Wright* v. *Malden & Melrose R. R. Co.,* 4 Allen, 283, 290; *Same* v. *Atlantic Works,* 111 Mass., 136, 140; *Finnegan* v. *Winslow Skate Co.,* 189 Mass., 580, 582; And see also *Gilmore* v. *Ross,* 72 Maine, 194, 198; *Burbank* v. *Bethel Steam Mill Co.,* 75 Maine, 373, 382.

It is, however, unnecessary to discuss the matter further since counsel for defendant admits that in his charge to the jury the presiding Justice instructed it that it must find some causal connection between the omission to procure a license and the alleged negligence of defendant and otherwise the evidence of defendant's omission would be entitled to no weight, and that such is a correct statement of the law. He, however, claims that the instruction was ineffectual to remove from the minds of the jurors the prejudicial effect which the admission of the evidence caused when admitted for the purpose claimed by plaintiff in offering it. It seems to be conceded that cases may arise wherein the direction of the court may not repair the injury done a party by an improper course of procedure. *Stone* v. *Express Co.,* 106 Maine, 237, 240; See also *State* v. *Bartley,* 106 Maine, 505, 506; *Collagan* v. *Burns,* 57 Maine, 449, 473.

In *Stowell* v. *Goodenow,* 31 Maine, 538, 539, where testimony had been improperly admitted, the court says "such testimony could not affect the rights of the parties, and its admission might have afforded just cause of complaint, if its influence had not been prevented by the instructions." Holding the instructions appropriate, the court further says "under such instructions the testimony became immaterial, and it cannot be presumed, that the jury disregarded these instructions and allowed it to have an influence upon their minds." This decision has been followed in numerous cases among which the following may be cited. *State* v. *Kingsbury,* 58 Maine, 238, 242; *State* v. *Fortier,* 106 Maine 382, 384; *Whittaker* v. *Sanford,* 110 Maine, 77, 81; and see especially *McCann* v. *Mitchell,* 102 Atl., 740, 116 Maine, 490. We find nothing in this case to warrant the conclusion that the presumption has been overcome.

The exceptions must be overruled.

The motion for new trial is of the usual character. The amount of damages is not questioned by defendant. The evidence on the question of liability was, as usual, conflicting. To discuss or analyze

it at length will serve no useful purpose. It is the opinion of the court, the credibility of the witnesses being wholly for the jury, that there was sufficient evidence in the case to sustain the verdict.

> *Exceptions overruled.*
> *Motion for new trial denied.*