ALSON L. SOULE *vs.* THE TEXAS COMPANY.

ALSON L. SOULE, JR. *vs.* SAME.

ELMER T. SOULE *vs.* SAME.

Androscoggin.    Opinion September 24, 1925.

*The "attractive nuisance" doctrine has never been adopted by this court.*

In the instant case the following instruction was given, "If any person brings in the sight of children, and leaves there, any object that excites the natural curiosity of children, and irresistibly tolls the little children towards it, and if, pursuing the activities of ordinary children, following such lure or bait, such little folks are injured, the party who leaves the machinery there in that position is liable."

This instruction was erroneous and prejudicial and entitles the defendant to a new trial.

On exceptions and motion by defendant.    Three actions to recover damages caused by the explosion of a tank, owned and moved by defendant from its original location at 74 First Street in Auburn, some distance down the same street with the intention of sinking it into the ground at a new location.    A verdict was returned in favor of the plaintiff in each case, and defendant filed general motions for a new trial, and also entered exceptions to the admission and exclusion of certain testimony, and to an instruction given.    The exception to the instruction as to attractive nuisance only was considered and sustained.

The case appears in the opinion.

*Frank A. Morey,* for plaintiffs.

*Strout & Strout,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, JJ.

PHILBROOK, J. These three actions, tried together, with resultant verdicts for each of the plaintiffs, are before us on defendant's motions for new trial and exceptions.

The actions are in tort for damages arising from the explosion of a gas tank. In our opinion only one exception requires consideration and that one must be sustained.

The learned justice in the court below, in his charge to the jury, said, among other instructions;

"Further, if any person brings in the sight of children, and leaves there any object that excites the natural curiosity of children and irresistibly tolls the little children towards it, and if pursuing the activities of ordinary children, following such lure or bait, such little folks are injured, the party who leaves the machinery there in that position is liable."

This instruction relates to what is known to the law as the "attractive nuisance" doctrine, which has never been adopted in this State and is denied by many courts, *McMinn* v. *Telephone and Telegraph Company*, 113 Maine, 519. Our court in *Nelson* v. *Burnham & Morrill Co.*, 114 Maine, 213, has gone further and declared that upon what seems to be the better reasoning this doctrine should not be adopted. See also *Chickering* v. *Lincoln County Power Company*, 118 Maine, 414; *Kidder* v. *Sadler*, 117 Maine, 194.

We have carefully examined the entire charge in the light of the testimony and conclude that this instruction now under consideration was error and that the defendant was prejudiced thereby.

It therefore becomes unnecessary to enter upon an extended discussion of the motion or the other exceptions.

The mandate will accordingly be

                                           *Exception as to attractive*
                                             *nuisance sustained.*