CAROL R. LEWIS
BY NEXT FRIEND
*vs.*
KENNETH M. MAINS

RAYMOND F. LEWIS
*vs.*
KENNETH M. MAINS

Cumberland.   Opinion, March 16, 1954.

*Richard S. Chapman,* for Plaintiff.

*Verrill, Dana, Walker,*
*Philbrick & Whitehouse,* for Defendant.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, WILLIAMSON, TIRRELL, WEBBER, JJ.

WEBBER, J.   These two matters are considered together for convenience.   One is a suit by a minor plaintiff for injuries.   The other is a suit by her father for her medical expenses.   In each, demurrer was filed to the declaration and overruled.   Defendant's exceptions are before us.

The declarations allege in substance that the father was an employee in defendant's sawmill.   Defendant invited the father to come upon his land and erect a home for himself and his family, which he did.   No deed, lease, or any definition of land area to go with the house is shown.   On the same land of defendant was located his sawmill, and, about 200 feet from the house, a sawdust pile an acre in extent and reaching a height about equal to that of certain electric wires running to the mill at the crest of the pile.   The minor climbed the pile along a well defined path, came in contact with the wires, and was injured.   The plaintiffs contend that the declarations sufficiently allege that defendant violated a duty of care owed to the minor child as an invitee.

Negligence rests upon duty.   It is not enough to aver that a duty exists.   There must be an allegation of facts sufficient to create the duty.   *Hone* v. *Presque Isle Water Co.,* 104 Me. 217; *Willey* v. *Maine Central R. R. Co.,* 137 Me. 223.   A duty such as the plaintiff contends was owed to the child here would arise only if she were on the sawdust pile by express or implied invitation of the defendant.   *Patten* v. *Bartlett,* 111 Me. 409.   The duty then would be to use reasonable, ordinary, or due care to keep the premises in a rea-

sonably safe condition for her use. The owner would not in any event be held to insure the safety of the invitee while on his premises. *Lander* v. *Sears, Roebuck & Co.,* 141 Me. 422. No such duty would arise if the plaintiff were a trespasser or a mere licensee. *Robitaille* v. *Maine Central R. R. Co.,* 147 Me. 269. Even where plaintiff is a child. *Nelson* v. *Burnham & Morrill Co.,* 114 Me. 213.

It is neither alleged nor contended that there was any direct invitation or permission given by the owner to the child to go or play upon the pile, and it is recognized that no implied invitation will arise without some mutuality of interest as between the visitor and the owner. *Stanwood* v. *Clancey,* 106 Me. 72. The only invitation to be imported from the declarations was addressed to the father to come upon the land and erect a home to be lived in by himself and his family. The declarations say no more. Whether we are considering an implied invitation to the child or the interpretation and scope of an express invitation to the father and the members of the family makes no difference when we consider where it is alleged that the child was at the moment of injury. She was neither in the home nor on one of its approaches. She was not even in what might reasonably be deemed the yard in immediate proximity to the home. Rather was she in an area which was some distance from the home and obviously devoted to the commercial uses of his land by the owner. One would hardly suggest that there was any invitation, express or implied, or even a permission or license to the child to go into the sawmill. Her father's right to enter the mill as an employee would not extend to her. Yet the disposition of waste product into a sawdust pile was a natural and reasonable part of the sawmill operation. The owner had identified at least that portion of his premises as a portion set aside for his sole use in commercial operations. "Where one enters a part of premises reserved for the use of the occupant and

his employees and to which there was no express or implied invitation to go, there can be no recovery for resulting injury, even though he is an invitee to other parts of the premises." 38 Am. Jur. 761; *Wilson* v. *Dowtin,* 215 N. C. 547, 2 S. E. (2nd) 576. We therefore conclude that upon the facts alleged, the child was as much a trespasser upon the pile as she would have been in the mill. The declarations do not aver such wanton, wilful or reckless acts of negligence as would be required to create liability to a trespasser. *Robitaille* v. *Maine Central R. R. Co., supra; Foley* v. *H. F. Farnham Co.,* 135 Me. 29.

Sympathy is quickly aroused by the injuries of a child, and that emotion is both natural and proper. In such a mood, courts have sometimes substituted moral or sentimental obligations for legal obligations. In so doing they tend to curtail unreasonably the proper use of property by an owner in order to confer protection upon a person wrongfully thereon. We have never imposed upon a property owner the obligation of due care to protect a trespasser even though the trespasser was a child of tender years. *Nelson* v. *Burnham & Morrill Co., supra.* Upon whom then does the duty devolve to protect small children from dangers which they may encounter while trespassing? Surely upon their most natural custodians and protectors, the parents. "Temptation is not always invitation. As the common law is understood by the most competent authorities, it does not excuse a trespass because there is a temptation to commit it, or hold property-owners bound to contemplate the infraction of property rights because the temptation to untrained minds to infringe them might have been foreseen. *Holbrook* v. *Aldrich,* 168 Mass. 15, 16, 46 N. E. 115. The legal duty of restraining children from going into unsafe places is imposed by law upon their parents and those who stand in *loco parentis,* and is not imposed upon strangers. The natural instinct to help the helpless would induce any-

one, in a position properly to do so, to restrain a child from exposing itself to danger; but to impose the duty of exercising such restraint as a legal duty upon all strangers, or upon a particular class of strangers such as the occupants of all tenements that might seem to the childish mind attractive, would prove impracticable and intolerable. The parental duty of restraint implies the parental power of correction, or of the use of preventive force." *Wilmot* v. *McPadden*, 79 Conn. 367, 65 A. 157. To the same effect, *Riggle* v. *Lens*, 71 Or. 125, 142 P. 346; *Tomlinson* v. *Vicksburg R. Co.*, 143 La. 641, 79 So. 174; *Branan* v. *Wimsatt*, 298 Fed. 833.

Even if the declarations alleged enough to imply a *permission* to play upon the sawdust pile, which we do not think they do, plaintiff would fare no better. As a mere licensee, the child would go upon the pile at her own risk and be bound to take the premises as she found them. *Stanwood* v. *Clancey, supra.*

We see no way, then, in which these declarations could be said to state a cause of action unless under some adaptation of the doctrine of *"attractive nuisance"*. This doctrine we have expressly repudiated. *Soule* v. *Texas Co.*, 124 Me. 424; *Nelson* v. *Burnham & Morrill Co., supra.*

Plaintiff places great reliance on the case of *Chickering* v. *Power Co.*, 118 Me. 414, but the holding of that case goes no further than its facts. The minor plaintiff in that case was climbing a tree *in his own yard* where he had a right to be. The opinion cited other cases where recovery was allowed to children climbing trees *in the public highway*, but pointed out that in none of these cases was the child *a trespasser on the property of the defendant*. The Chickering case offers no support for the position of the plaintiff here.

The declarations are not saved by the allegation that "the plaintiff walked up said sawdust pile on a well defined path

which then and there existed on said sawdust pile." The presence of such a path is not sufficient to imply an invitation. The path might be used by a trespasser or a mere licensee and their status would not be improved by such use. *Kapernaros* v. *Boston & Maine R. R. Co.*, 115 Me. 467; *Willey* v. *Maine Central R. R. Co., supra*. This is not a case of one "pursuing the ordinary, customary and natural route which would be pursued by one so coming on the premises" to which he has impliedly been invited, as was the case in *Patten* v. *Bartlett, supra*.

The declarations having failed to assert a cause of action against the defendant, in each case the entry must be,

*Exceptions sustained.*