Lillian B. JONES

v.

Everett BILLINGS.

Supreme Judicial Court of Maine.

March 31, 1972.

Collins & Crandall by Wayne R. Crandall, Rockland, Rendle A. Jones, Camden, for plaintiff.

Preti & Flaherty by Robert E. Burns, John J. Flaherty, Portland, A. Alan Grossman, Rockland, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

WEBBER, Justice.

Plaintiff brought action as personal representative of Michael L. Jones, deceased, seeking damages for the alleged wrongful death and conscious suffering of the decedent. The complaint alleges the deceased child, aged three years, climbed or fell into a cesspool on the premises of the defendant, negligently left open and unprotected by the defendant. The complaint does not recite the claimed status of the decedent on defendant's premises nor does it allege the nature of the duty claimed to be owed by the defendant to the decedent. The defendant elected to attack the complaint by a motion to dismiss for failure to state a claim on which relief can be granted, pursuant to M.R.C.P., Rule 12(b) (6). Without elaborating reasons for his action the Justice below granted the motion and dismissed the complaint. Plaintiff appeals.

The test of the sufficiency of a complaint under the new rules of civil procedure is whether or not it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. See Rich-

ards v. Ellis (1967–Me.) 233 A.2d 37, 38; Field, McKusick & Wroth, 2d. Ed., Vol. 1, Page 248, Commentary Sec. 12.11. The complaint in no way negatives the possibility of proving that the decedent was on defendant's premises by invitation. It remains open to the plaintiff to prove such status. The negligence of the defendant is alleged and plaintiff is therefore entitled to prove violation by the defendant of the duty owed to an invitee. The defendant suggests in argument that the invitational theory may have been abandoned by plaintiff at the hearing on the motion. If so, we can only say that the record is barren of any such indication and we cannot conjecture as to what may have transpired off the record. We conclude that for this reason alone the complaint was improperly dismissed.

The plaintiff urges that two other theories are possible and the subject of proof under the complaint as worded. We reject the first of these theories but are now convinced that the second theory should be deemed tenable.

■■■ The plaintiff first contends that even if the decedent were shown to be a trespasser on defendant's premises, a duty was owed by the defendant if the plaintiff can show a violation of the well statute, 17 M.R.S.A., Sec. 3902. The statute provides:

> "No person who owns or occupies land shall knowingly allow any well to remain open upon such land unless there is a substantial fence or other substantial enclosing barrier around such well or unless it is protected by a substantial covering which shall be securely fastened. Whoever violates this section shall be punished by a fine of not more than $50 or by imprisonment for not more than 30 days, or by both."

This is a penal statute which includes no provision for a civil remedy in event of violation.[1] In the absence of a clear indication of legislative intent to enlarge or extend the duty owed at common law, we have consistently declined to treat a statute or ordinance exclusively penal in nature as having such effect. Such was the import and intended meaning of holdings that violation of a penal statute would not constitute "negligence per se." Kimball v. Davis (1918) 117 Me. 187, 103 A. 154; McCullough v. Lalumiere (1960) 156 Me. 479, 483, 166 A.2d 702; Jones v. Co-operative Association (1912) 109 Me. 448, 84 A. 985; see also Wells v. Henry W. Kuhs Realty Co. (1954–Mo.) 269 S.W.2d 761, 767 and Richmond v. Warren Institution for Savings (1940) 307 Mass. 483, 30 N.E.2d 407, 408. Specifically, this statute in no way enlarges the common law duty owed to trespassers. However, evidence of a violation of the "well" statute, if indeed the condition described in the complaint constitutes a "well" as defined by the statute, might be received as evidence of negligence if it were first shown that the circumstances and the relationship between the defendant and the decedent were such as to impose upon the defendant a duty to exercise care for his safety. That duty is not, however, raised by the statute itself but must be raised independently thereof.

■■■ The plaintiff also contends that, assuming arguendo that decedent is shown to have been a trespassing child, she should nevertheless be able to proceed on the theory of "attractive nuisance." This doctrine originated with the so-called "turntable cases"[2] and was based upon the judicial fiction that the turntable or other similar hazardous condition attracts the young child and this enticement substitutes for an invitation and imposes upon the landowner the duties and obligations owed

---

1. Cf. Apanovich v. Wright (1955) 1 Cir., 226 F.2d 656 in which a Maine penal statute did contain an express provision for civil remedy.

2. Sioux City & Pac. R. Co. v. Stout (1873) 17 Wall. U.S. 657, 21 L.Ed. 745; Keffe v. Milwaukee & St. Paul R. Co. (1875) 21 Minn. 207.

to an invitee. In a series of cases [3] culminating in Lewis v. Mains (1954) 150 Me. 75, 104 A.2d 432 we have steadfastly declined to incorporate this fiction into our law. Our reluctance stemmed not from a stubborn adherence to a feudal concept that property rights are more sacred than the safety of children but rather from a serious doubt as to whether such a patently contrived fiction should be employed to lift from the shoulders of the parents their primary responsibility for the supervision and protection of their children and place that burden upon strangers. In an effort to avoid the fictional approach, the authors of the Restatement of the Law of Torts devised a rule which would forthrightly recognize the status of the child as a trespasser but would impose a duty upon the landowner *under carefully limited circumstances.* The suggested rule was further refined and is stated in the Restatement of the Law of Torts, 2d Ed., Vol. 2, Page 197, Sec. 339 as follows:

"Sec. 339 Artificial Conditions Highly Dangerous to Trespassing Children

"A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if

(a) the place where the condition exists is one upon which the possessor *knows or has reason to know* that children are likely to trespass, and

(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve *an unreasonable risk of death or serious bodily harm* to such children, and

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and

(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children." (Emphasis ours)

It is apparent that the Restatement Rule was very carefully stated so as to limit the duty owed by the possessors of property to trespassing children to specific and well defined situations. It was not to be equated with the obligation "to exercise ordinary care to keep the premises reasonably safe" since it applies only to conditions "which involve an unreasonable risk of death or serious bodily harm." For some time we have observed with interest the development of the law in the ever increasing number of states which have adopted the principles of the Restatement Rule.[4] Our reluctance heretofore to change our position has stemmed in part from our recognition that courts which have adopted the Rule have been subjected to constant pressure to depart from or overlook the limitations on recovery which were so carefully built into the Rule by its authors. The application of the Rule by some courts to some fact situations has the practical effect of making the defendant an absolute insurer of the safety of trespassing children and of imposing a duty to "childproof" his premises, a result not within the contemplation of the Rule itself. On the other

---

3. Nelson v. Burnham & Morrill Co. (1915) 114 Me. 213, 95 A. 1029; McMinn v. New England Tel. & Tel. Co. (1915) 113 Me. 519, 95 A. 210; Soule v. Texas Company (1925) 124 Me. 424, 130 A. 274; Cogswell v. Warren Brothers Road Co. (1967–Me.) 229 A.2d 215.

4. We are aware that until recently Maine was one of only seven states which had not adopted either the "attractive nuisance" theory or the Restatement Rule. This number was reduced to six when the Rhode Island Court in Haddad v. First National Stores, Inc. (1971–R.I.) 280 A.2d 93 overruled its prior case law and adopted the Restatement Rule.

hand, we have become satisfied from a reading of the cases that when courts have vigilantly respected the limits of liability contemplated by the Rule and clearly stated therein, the burden imposed upon the possessor of property has not been intolerable or unjust. When the Rule is properly understood and applied, liability will attach only with respect to conditions involving an "unreasonable risk of death or serious bodily harm" and not to those innocuous conditions which are normally considered perfectly safe but which the ingenuity of the childish mind can sometimes convert to an instrument of harm.

We recognize that the adoption of the Restatement Rule is a radical departure from our prior case law. We think it important, therefore, to emphasize at the outset that we contemplate a careful adherence to the limitations imposed by the Rule itself. The element of foreseeability is important. It must be shown by preponderating proof that the possessor of land knows or has reason to know that children are likely to trespass in the area where the dangerous condition exists. As we have already noted, the duty is not the same as is owed to an invitee, that is, to exercise reasonable care to keep the premises reasonably safe. It is rather to exercise reasonable care to protect against dangerous conditions which *"involve an unreasonable risk of death or serious bodily harm."* The distinction is well illustrated by an application of the two rules to the facts presented in the recent case of Orr v. First National Stores, Inc. (1971–Me.) 280 A.2d 785. There the child was an invitee who was injured while playing on a guard rail in defendant's store. A divided Court held that it was a jury question as to whether under the existing circumstances the defendant had exercised reasonable care to keep the premises reasonably safe for its youthful invitee. If the child were a trespasser seeking recovery in an identical factual situation we would not view the

rail, installed for the protection of customers and not structurally defective, as presenting an "unreasonable risk of death or serious bodily harm" to children within the meaning of the Restatement Rule as we interpret it. The authors of the Restatement Rule recognized that the element of invitation might properly add to the protective duty imposed upon the one issuing the invitation. The distinction found expression in the Restatement, Vol. 2, Page 223 wherein it was stated in Comment c, "Because of his status as * * * an invitee, the child may be entitled to greater protection than that afforded to a trespasser. This Section (Sec. 343B) is intended to say only that he is entitled to at least as much."

On balance we have finally concluded that the legitimate interests of children too immature to appreciate and guard against dangerous conditions which present an unreasonable risk of death or serious bodily harm require that we provide them with the protection afforded by a *strict interpretation* of the above quoted Restatement Rule. It follows that this plaintiff is entitled to proceed, if she so desires, to offer proof of facts which satisfy the several requirements of the Rule and warrant recovery thereunder. We are satisfied, however, that such an abrupt and drastic departure from our prior case law on the subject should be given only limited application in order to reduce transitional impact. This fatal accident is alleged to have occurred on November 29, 1969. The rule of liability herein announced with respect to trespassing children will be applied in other cases only if the injury causing event occurred on or after that date.

The entry will be

Appeal sustained. Case remanded for further proceedings not inconsistent with this opinion.

All Justices concurring.