Duane A. JORDAN and
Kathy L. Jordan

v.

H.C. HAYNES, INC., et al.

Supreme Judicial Court of Maine.

Argued Jan. 13, 1986.

Decided Feb. 6, 1986.

Tanous & Heitmann, Norman S. Heitmann, III (orally), Millinocket, for plaintiff.

Rudman & Winchell, David C. King, (orally), Bangor, for H.C. Haynes, Inc.

Mitchell & Stearns, John Ballou, Bangor, for Canadian Pacific Ltd.

Hunt, Thompson & Bowie, Glenn H. Robinson (orally), Portland, for J.M. Huber Corp.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Plaintiffs Duane and Kathy Jordan appeal from an order of the Superior Court (Penobscot County) granting defendants' motion for summary judgment in this personal injury action. On appeal, plaintiffs contend that summary judgment was improper in that their answers to two interrogatories raise a genuine issue of material fact as to whether defendants willfully or maliciously failed to maintain their land in a safe condition and to warn against a hazardous condition thereon, thus negating the limitation on liability set forth in 14 M.R.S.A. § 159–A (1980 & Supp.1985–1986). We affirm the judgment.

The complaint alleges that on October 29, 1983, plaintiffs were hunting in Chester and were driving their pickup truck down a private way maintained by defendant H.C. Haynes, Inc. (Haynes). This road was on land Haynes had leased from defendant J.M. Huber Corp. Plaintiffs were driving at about 20 m.p.h. as they approached a railroad grade crossing maintained by de-

fendant Canadian Pacific Limited. As the truck passed over the crossing, it came to a sudden stop. Plaintiffs were thrown against the dashboard and windshield, sustaining injuries. They filed their complaint on June 27, 1984, alleging that a portion of the crossing had been altered by removal of the railroad ties and that this alteration caused the accident.

■ Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." M.R.Civ.P. 56(c). Thus, if the facts before the court conclusively preclude a party from recovery, summary judgment may be granted. *Nichols v. Marsden*, 483 A.2d 341, 344 (Me.1984). Plaintiffs argue that summary judgment was improper here in that they generated a factual issue under an exception to the limitations on liability provided for in 14 M.R.S.A. § 159–A (1980 & Supp.1985–1986).

■ The parties agree that the present action is indeed governed by section 159–A, which provides that:

> [a]n owner, lessee or occupant of premises shall owe no duty of care to keep the premises safe for entry or use by others for recreational or harvesting activities or to give warning of any hazardous condition, use, structure or activity on these premises to persons entering for those purposes.

14 M.R.S.A. § 159–A (1980). The definition of premises includes improved and unimproved lands as well as private ways. *Id.* § 159–A(1)(A). "Recreational or harvesting activities" include hunting and "entry, use of and passage over premises." *Id.* § 159–A(1)(B) (Supp.1985–1986). The exception which is the subject of this appeal states that a landowner's liability is not limited for a "willful or malicious failure to guard or to warn against a dangerous condition . . . ." *Id.* § 159–A(4)(A) (1980).

Plaintiffs argue that the complaint and their answers to two interrogatories pro-

pounded by Haynes are sufficient to raise a factual issue under section 159–A(4)(A). The complaint, however, raises only negligence issues for which there is no liability under section 159–A. The answers to interrogatories contain allegations that the grade crossing was altered by the removal of railroad ties, that defendants made no effort to warn against the hazard created by the alteration, and that no barricades were put up until after the accident. The answers also include contentions that Haynes was aware people used this particular road and the grade crossing. Such awareness, plaintiffs assert, is sufficient to create in Haynes a duty to maintain the road and the crossing in a safe condition and a duty to warn potential trespassers of hazardous conditions on the premises.

The record reveals that plaintiffs rested on the allegations in the complaint and answers to interrogatories. The complaint and plaintiffs' answers to interrogatories are insufficient to raise a factual issue under section 159–A(4)(A). Plaintiffs have claimed only that defendants had a duty to keep the premises safe and a duty to warn against hazards thereon. Section 159–A is clear that landowners have no such duties. Haynes's knowledge that the road was used by others is not adequate, without more, to raise the issue of whether defendants willfully or maliciously failed to maintain the premises in a safe condition or failed to warn against dangerous conditions thereon. We conclude that plaintiffs have failed to "set forth specific facts showing that there is a genuine issue for trial." M.R.Civ.P. 56(e). The Superior Court was therefore correct in granting defendants' motion for summary judgment.

The entry is:

Judgment affirmed.

All concurring.