**Douglas MERRILL**

v.

**CENTRAL MAINE POWER COMPANY.**

Supreme Judicial Court of Maine.

Submitted on Briefs July 14, 1993.

Decided Aug. 2, 1993.

John H. O'Neil, Jr., Smith & Elliott, Saco, for plaintiff.

Charles A. Harvey, Jr., Verrill & Dana, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

RUDMAN, Justice.

Douglas Merrill appeals from the summary judgment entered in the Superior Court (York County, *Fritzsche, J.*), in favor of Central Maine Power Company (CMP), in Merrill's action seeking damages for personal injuries allegedly caused by an attractive nuisance located on CMP's proper-

ty. We affirm the judgment of the Superior Court.

On June 13, 1976, Merrill, then nine years of age, entered CMP's property in South Berwick to fish in the Salmon Falls River. After catching an eel in the river, Merrill walked to the nearby CMP electrical sub-station, climbed the surrounding fence, and attempted to cook the eel by leaning over the top of the fence and placing the eel on a live electrical wire. Merrill received an electric shock and suffered severe burns.

Merrill's complaint alleges, *inter alia*, a cause of action under the theory of attractive nuisance.[1] The court granted a summary judgment in favor of CMP, finding that (1) Merrill appreciated the risk at the time of the accident; (2) electrical sub-stations are not, as a matter of law, attractive nuisances; and (3) CMP is immune from liability under the recreational use statute, 14 M.R.S.A. § 159–A (1980 & Supp.1993).[2] This timely appeal followed.

■ In *Jones v. Billings*, 289 A.2d 39 (Me.1972), we incorporated the attractive nuisance doctrine into Maine law by adopting the definition provided in the Restatement (Second) of Torts § 339 (1965):

A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if

(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and

(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.

*Jones*, 289 A.2d at 42 (quoting Restatement). We will apply a strict interpretation of the Restatement criteria in determining whether a plaintiff has satisfied its burden of establishing the existence of an attractive nuisance. *Id.* at 43.

■ The present controversy surrounds the third element of the Restatement rule, namely, whether the child appreciated the risk at the time of the accident.[3] A landowner is not required "to keep his land free from conditions which even young children are likely to observe and the full extent of the risk involved in which they are likely to realize." Restatement (Second) of Torts § 339 comment m (1965). As one prominent commentator has recognized,

[t]he child, because of his immaturity, either must not discover the condition or must not in fact appreciate the danger involved. Since the principal reason for the rule distinguishing trespassing children from trespassing adults is the inability of the child to protect himself, the courts have been quite firm in their insistence that if the child is fully aware of the condition, understands the risk which it carries, and is quite able to avoid it, he stands in no better position than an adult

---

1. Merrill's complaint also alleged causes of action under theories of negligence, maintaining an abnormally dangerous condition, and common and public nuisance. Merrill does not appeal from the summary judgment dismissal of those actions.

2. Although the court applied 14 M.R.S.A. § 159–A (1980 & Supp.1993), that statute did not become effective until September 14, 1979, over

three years after the incident. *See* P.L.1979, ch. 253. CMP's immunity, if any, would have to be determined under 12 M.R.S.A. § 3002, which has now been repealed. *See* P.L.1969, ch. 196, § 3002 (effective October 1, 1969).

3. We intimate no opinion as to the existence of the other four elements of the Restatement definition of attractive nuisance.

with similar knowledge and understanding.

W. Keeton, *Prosser and Keeton on the Law of Torts* § 59 at 408 (5th ed. 1984) (footnotes & citations omitted). *See Bonney v. Canadian Nat'l Ry Co.*, 800 F.2d 274, 278–79 (1st Cir.1986) (attractive nuisance doctrine does not apply where child "clearly knew and understood the danger of riding his bicycle across the bridge at night").

It is undisputed that Merrill appreciated the risk inherent in placing an eel on a live electrical wire. In deposition testimony, Merrill admitted that, at the time of the accident, he knew (1) that the purpose of the fence surrounding the sub-station was to keep people out; (2) that electricity could both burn and hurt him; (3) that he was careful not to touch the wire himself; and (4) that what he did was a "dumb idea." Thus, since Merrill was unable to generate a factual issue concerning an indispensable element of the attractive nuisance doctrine, and, therefore, was conclusively precluded from recovery, a summary judgment was properly granted. "Summary judgment is proper if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law.' " *Jordan v. H.C. Haynes, Inc.*, 504 A.2d 618, 619 (Me.1986) (quoting M.R.Civ.P. 56(c)). *See Lister v. Campbell*, 371 So.2d 133, 136 (Fla.Dist.Ct.App.1979) ("[o]ften the child's own testimony is the best evidence of whether he possessed sufficient intelligence and knowledge to understand or avoid the danger").

Finally, because our finding that Merrill appreciated the risk posed by the sub-station disposes of the case, we need not reach the other issues raised by the parties on appeal.

The entry is:

Judgment affirmed.

All concurring.