STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-269

LEONARD R. INKEL, et al.,

Plaintiffs

v.

**ORDER**

DONALD LIVINGSTON, et al.,

Defendants

DONALD L. GARRECHT
LAW LIBRARY

JAN 30 2004

On April 23, 2000 Leonard Inkel was an Easter dinner guest of Donald Livingston at Mr. Livingston's ocean front cottage in York. About 42 feet away from the cottage a large new home was being constructed for Mr. Livingston. After dinner Mr. Inkel and his son left the cottage to take a walk to the shore. At the son's urging they entered the under construction home around dusk. Shortly after entering the unlit home Mr. Inkel fell through an unmarked and uncovered hole in the floor, fell about 8 to 10 feet and landed on the basement floor. He sustained significant injuries and has brought suit against both the homeowner and the general contractor, Solid Rock Builders. Both defendants have moved for summary judgment.

The direction of this case turns on the answer to a factual question. At the time of his fall and injury was Mr. Inkel a trespasser or invitee? If he was a trespasser the case will end in a judgment for the defendants. If he was an invitee the case will proceed to a settlement or trial where competing claims of negligence and comparative negligence would be resolved.

The Law Court, in a case involving children who entered a storage shed near a playground, has provided the analytical framework to decide this question. *Collomy v.*

*School Administrative District No. 55*, 1998 ME 79, ¶6-8, 710 A.2d 893, 895. A trespasser was defined as "a person who enters or remains upon land in the possession of another without a privilege to do so created by the possessor's consent or otherwise", ¶6. Even more important to this case is the principle that while a person may be an invitee on a portion of another person's land he may also be a trespasser on another portion. *Collomy* stated that the status of invitee, where normal negligence standards apply, applies "only while he is on the part of the land to which his invitation extends – or in other words, the part of the land upon which the possessor gives him reason to believe that his presence is desired for the purposes for which he has come." ¶7, Restatement (Second) of Torts, §332, comment 1 (1965) and *Lewis v. Mains*, 150 ME 75, 77-78, 104 A.2d 432, 44 (1954).

Mr. Inkel was invited to dinner and was a friend of Mr. Livingston. The invitation clearly extended to the interior of the cottage and by implication to the surrounding grounds. While Mr. Inkel was never told that he could not enter the larger home that was under construction, he was never invited to do so or given permission to do so. He did not enter with the explicit or implicit consent of the owner. He did so on his own initiative. It is very unfortunate that Mr. Inkel was injured but neither defendant is legally responsible for those injuries. The legal principles that apply to Mr. Livingston apply equally to Solid Rock Builders.

The entries are:

Motion of Defendant Donald Livingston for summary judgment is granted. Motion of defendant Solid Rock Builders for summary judgment is granted. Judgment for the defendants on the complaint.

Dated: January 23, 2004

Paul A. Fritzsche
Justice, Superior Court

Daniel J. Mitchell, Esq. - PLS
Thomas S. Marjerison, Esq. - DEF. DONALD LIVINGSTON
Gerard O. Fournier, Esq. - DEF. SOLID ROCK BUILDERS