DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Matthew Bush, by and through his mother Jodi Olivo, and Jodi Olivo (collectively "the Olivos"), appeal from a judgment of the Summit County Court of Common Pleas that granted summary judgment to Ohio Edison Company and FirstEnergy Corporation ("the defendants") on the Olivos' tort claims against them. We affirm.
 {¶ 2} On September 23, 2000, Matthew Bush ("Matthew"), then 12 years old, sustained severe physical injuries at the Babb electrical substation in Akron after he climbed onto a metal cabinet and came into contact with a live electrical conductor. Matthew and a friend had entered the fenced substation through a gap in the gate, which was loosely held closed with a locked chain.
 {¶ 3} The Olivos filed a personal injury action against Ohio Edison and FirstEnergy, who owned and operated the electrical substation. The Olivos implicitly conceded that Matthew was trespassing when he entered the substation and at the time of his injury. They alleged, however, that the substation was an attractive nuisance, that the defendants had been negligent in their failure to protect children from this hazard and, as a result, Matthew was seriously injured.[1]
 {¶ 4} The defendants later moved for summary judgment, contending that the Olivos could not establish that the attractive nuisance doctrine applied to the facts of this case. The Olivos filed a brief in opposition to summary judgment. The trial court found that the Olivos failed to raise a genuine issue of material fact and granted summary judgment to the defendants. The Olivos appeal and raise one assignment of error.
 ASSIGNMENT OF ERROR I
"The trial court erred in granting summary judgment in favor of appellees, First Energy Corp. and Ohio Edison, due to the fact that genuine issues of material fact exist as to the elements of the attractive nuisance doctrine."
 {¶ 5} The Olivos contend that the trial court erred in granting summary judgment to the defendants. The Olivos' complaint based their claims upon the alleged negligence of the defendants. Although the Olivos did not dispute that Matthew was trespassing when he was injured at the substation, and that landowners typically do not owe a duty of reasonable care to trespassers, they contended that the defendants were liable to Matthew and his mother under the attractive nuisance doctrine.
 {¶ 6} For many years, Ohio did not recognize this common law doctrine. The Ohio Supreme Court recently adopted the attractive nuisance doctrine, however, as set forth in Restatement of the Law 2d, Torts (1965), Section 339:
"A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if:
"(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and
"(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and
"(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and
"(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and
"(e) the possessor fails to exercise reasonable care to eliminate the danger or to otherwise protect the children."Bennett v. Stanley (2001), 92 Ohio St.3d 35, paragraph one of the syllabus.
 {¶ 7} The defendants moved for summary judgment, asserting that the attractive nuisance doctrine was inapplicable here because the Olivos could not establish either the first prong, that the defendants had reason to know that children were likely to trespass at the substation, or the third prong, that Matthew did not appreciate the risk involved in trespassing inside the fenced substation. Because the Olivos' inability to establish either prong would be dispositive, we will begin our analysis with the defendants' argument that the Olivos could not establish the third prong of the attractive nuisance doctrine, which focuses on the child's ability to realize or understand the risk encountered.
 {¶ 8} The defendants asserted that Matthew did realize the risk involved in entering the substation, and therefore that the attractive nuisance did not apply. To support this argument, they pointed to evidence of the following facts: (1) one week earlier, Matthew had been walking near the substation with his parents, who told him to stay away from the substation because it was dangerous; (2) Matthew admitted after the accident that, before entering the substation, he had seen the fence and barbed wire around it and read and understood the signs on the substation fence and gate that read, "DANGER, HIGH VOLTAGE, KEEP OUT;" and (3) Matthew indicated a further understanding that electricity was dangerous, that electricity ran through the substation, and that the substation was fenced with barbed wire and a locked gate in an attempt to keep people out. The defendants also pointed to specific testimony by Matthew that he and his friend "knew we weren't supposed to be in there [.]"
 {¶ 9} In opposition to summary judgment, the Olivos did not dispute that Matthew had been warned to stay away from the substation, that he knew he was not supposed to go there, or that he had seen the fence and barbed wire and the signs warning about "danger," "high voltage," and to "keep out." Instead, they maintained, with supporting evidence, that although Matthew understood that he should not have entered the substation and that electricity is dangerous, he did not fully appreciate the extreme danger posed by the high voltage electricity within the substation. The Olivos cited no legal authority, however, to support their argument that to "realize the risk," within the meaning of the third prong of the attractive nuisance doctrine, a child must have a complete understanding of the potential injuries he faces and how those injuries could occur.
 {¶ 10} As explained above, Ohio just recently adopted the attractive nuisance doctrine and, as a result, there is little Ohio case law construing the doctrine. A body of case law on this issue has developed in other jurisdictions, however, where the attractive nuisance doctrine has been recognized for many decades. The Texas Supreme Court addressed this issue in TexasUtilities Electric Co. v. Timmons (1997), 947 S.W.2d 191, a case involving summary judgment based on similar facts. Summary judgment had been granted to a utility company in a suit alleging the attractive nuisance doctrine. The child had been electrocuted while climbing an electrical tower even though he did not touch the wire, because electricity arced from the wire when he climbed near it. The appeal to the Supreme Court raised the issue of whether, as a matter of law, the child realized the risk, within the meaning of the third prong of the attractive nuisance doctrine, when although he knew that touching the electrical wire would pose a risk of electrocution, he did not realize that electricity could "arc" and electrocute him. Id. at 192.
 {¶ 11} The child in the Texas case had exhibited a general understanding of the danger of electricity similar to that of Matthew: he had been warned by others not to climb the tower, there were barricades and warning signs attempting to keep him out and he deliberately disregarded them, he admitted knowing that he was not supposed to go there, and he understood that there was a danger of coming in contact with dangerous electricity. The plaintiffs asserted, however, that the child did not fully appreciate the risk he had encountered because, although he had understood that the electric wire was dangerous, he did not realize that electricity could arc from the live wire to those who approach the wire. Id. at 194.
 {¶ 12} The Texas Supreme Court explained that, for purposes of the attractive nuisance doctrine, a child's appreciation of a risk need not be a complete understanding of it. Id. at 195. Citing Texas appellate cases dating back to the 1920s and 1930s, the court stressed that the attractive nuisance doctrine will not be applied simply because the child did not fully comprehend the specific risk he encountered or that injury could occur exactly as it did. Id. It is enough to defeat the third prong of the attractive nuisance doctrine if the child was aware of the dangers of electricity generally. Id. As the court noted, most adults, except those engaged in the industry, do not completely understand the dangers of electricity. Id.
 {¶ 13} Similarly, the Maine Supreme Judicial Court affirmed summary judgment for the landowner on this issue in a case involving a nine-year-old child who was injured while leaning over a fence into an electrical substation. See Merrill v.Central Maine Power Co. (1993), 628 A.2d 1062. That child also knew that electricity was dangerous; that he was not supposed to go in the substation, and that the purpose of the fence was to keep people out. Id. at 1064. With little discussion of the issue, the court found, as a matter of law, that the child appreciated the risk of leaning into the electrical substation and affirmed summary judgment for the power company. Id. at 1063.
 {¶ 14} The attractive nuisance doctrine is intended to protect trespassing children from dangers that, due to their youth, they cannot understand or appreciate. See Timmons,
supra, at 193. This heightened duty to trespassing children, which has only recently been adopted in Ohio, is intended to protect children only when they lack the maturity to protect themselves. We are persuaded by the reasoning of the Texas Supreme Court that the doctrine does not apply where a child knowingly encounters a risk that he generally understands. To hold otherwise would require landowners to be absolute insurers of the safety of trespassing children. The Ohio Supreme Court cannot have intended to take that leap in the law of Ohio premises liability when it adopted the attractive nuisance doctrine.
 {¶ 15} Because the Olivos failed to raise a genuine issue of material fact on Matthew's understanding of the risk that he knowingly encountered when he trespassed at the defendants' substation, the attractive nuisance does not apply and the trial court properly granted summary judgment to the defendants. The assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Whitmore, J. concurs.
Carr, J. concurs in judgment only.
[1] Although counterclaims were also filed by the defendants, and this case was later consolidated with a declaratory judgment action by the Olivos' insurance carrier, those claims were later dismissed and are not at issue in this appeal.